■ Rose Pearlson et al., Respondents, v. Ethel Javits, Appellant.— In an action by three sisters of the defendant to impress a trust on certain assets in the defendant's possession, which are alleged to be properly a part of the estate of their father, the defendant appeals from a judgment of the Supreme Court, Kings County, entered December 4, 1962 on the decision of a Special Referee rendered following an inquest taken before said Referee after the defendant's attorney had withdrawn his appearance and had refused to participate in the trial or to produce the defendant. The judgment granted the plaintiffs the relief prayed for by them in their second amended complaint. Appeal dismissed, with costs. A judgment resulting from an inquest occasioned by the failure or refusal of a party to appear at the trial is deemed a default judgment from which no appeal lies (*Jensen* v. *Union Ry. Co.*, 260 N. Y. 1, 4; Prashker, New York Practice [4th ed.], p. 991. Ughetta, Acting P. J., Kleinfeld, Brennan, Hill and Rabin, JJ., concur.

■ The People of the State of New York, Respondent, v. James Chirco, Appellant.— Appeal by defendant from a judgment of the former County Court, Kings County, entered June 18, 1962 after a hearing, resentencing him to serve a term of 15 to 30 years, after having been convicted on April 6, 1944 of robbery in the first degree and having been sentenced originally to serve a similar term. The resentence was imposed pursuant to an order of the Supreme Court, Dutchess County, dated June 8, 1960, on the ground that the original sentence was invalid for failure to comply with section 480 of the Code of Criminal Procedure. Judgment of June 18, 1962, resentencing the defendant, affirmed. Under the circumstances of this case, the delay between the order of resentence on June 8, 1960 and the imposition of the resentence on June 18, 1962, was not unduly long or unreasonable (*People ex rel. Cassone* v. *Fay*, 18 A D 2d 1095). Whatever delay ensued was occasioned by the proceedings initiated by the defendant himself subsequent to the order for resentence. The alleged error committed at the trial in 1944 with respect to the question relating to the jury taking the exhibits to the jury room is not available on an appeal from a resentence (*People* v. *Faucetta*, 301 N. Y. 758; *People* v. *Williams*, 6 N Y 2d 193), especially where the defendant had appealed from the original judgment of conviction (*People* v. *Chirco*, 269 App. Div. 694). Beldock, P. J., Ughetta, Christ, Hill and Rabin, JJ., concur.