■ HILDEGARD L. BECKER et al., Respondents, v. BENJAMIN GINSBERG, Individually and Doing Business as the TURKEY KING, Appellant. HILDEGARD L. BECKER et al., Respondents, v. WILFRED A. BRIOR, Appellant.— *Per Curiam.* The defendants appeal from a judgment entered on the verdict of the jury on the grounds of excessiveness. The plaintiff, Hildegard L. Becker, as the result of the accident, struck her head on the door of the automobile causing headaches and nervousness. Her doctor, upon examination, found tenderness in the muscles of the back and neck with mild spasm. She remained at home for a week, using heat on her neck and taking medicines. Thereafter, she returned to work. The condition persisted and several months later she returned to the doctor who, upon examination, found tenderness on the right side of the neck and mild muscle spasm. At the trial in April, 1964, he testified that when he

examined her just prior to the trial there was fibrositis of the tissues at the back of the neck. He explained that "The fibrous tissue is the connective tissue surrounding the muscles and the bone, and sometimes you get a low grade inflammation of this, and this can cause the pain on stretching when you turn your neck". The doctor further testified that the accident was a competent producing cause of the condition and he was unable to state how long in the future the condition would continue. There was testimony that shortly after the accident the doctor determined that the plaintiff was pregnant and as a result of questions by her attorney, inferentially, at least, the jury might have deduced that the pregnancy was terminated by the death of the infant. There is no evidence nor is it contended that the accident in any way affected this condition. There was no objection taken to the introduction of the testimony at various phases of the trial and the charge, which was very general as to the injuries, was not excepted to nor were there any requests to charge. The defendants introduced no medical testimony albeit, on the oral argument, it was admitted that the plaintiff had been examined by a doctor of their choice. It was error for plaintiff's counsel to inject this unrelated testimony into the trial and the reasons given on the argument for it does not justify or excuse such conduct, but we must take cognizance of the fact that counsel for the defendants, justifiably or otherwise, allowed the testimony without objection and acquiesced in the charge by the court. If we could conclude that this testimony influenced the amount of the verdict, we would reverse and grant a new trial. However, from an examination of the record as a whole, we are convinced that if the jury accepted the uncontradicted medical testimony as to the injuries associated with the accident alone, the verdict would not be excessive. The condition of which the plaintiff complained was still present at the time of the trial, a year and a half subsequent to the accident, and in view of the doctor's testimony, the jury could properly find that if the condition were not permanent, it would be of long duration. While special damages are often an aid to the jury and the court in arriving at and reviewing verdicts, they are not the controlling factors in circumstances such as evidenced in the present record. Judgment affirmed, with costs. Gibson, P. J., Herlihy, Reynolds, Taylor and Hamm, JJ., concur.