■ STUART REICH, Appellant-Respondent, v. MATER SERVICE Co. et al., Respondents-Appellants.— In a negligence action to recover damages for personal injuries, (1) plaintiff appeals from an order of the Supreme Court, Queens County, dated December 16, 1970, which granted defendants' motions to set aside a jury verdict of $25,100 in his favor against all the defendants, unless he would stipulate to reduce the verdict to $15,750; and (2) defendants cross-appeal from the order insofar as it did not grant their said motions unconditionally. Order reversed, motions to set aside the verdict denied, with one bill of costs to plaintiff jointly against defendants appearing separately and filing separate briefs, and verdict reinstated. There was sufficient evidence to support the findings of the jury both as to liability and as to the *amount* of damages. As to the latter, there is nothing in the record to suggest the verdict was unfair or unconscionable. Plaintiff testified he still suffers headaches, dizziness, blurred vision and restriction of his physical activities as a result of the accident. His claims were supported by the testimony of his medical experts. To warrant interference with a jury's assessment of damages, the excessiveness or inadequacy of the award must be such as to shock the conscience of the court (see *Laranjo* v. *Malik*, 11 A D 2d 863; *Quillen* v. *Board of Educ.*, 203 Misc. 320, 322). On the record before us that test, in our opinion, is not satisfied and thus the trial court acted improvidently in conditioning the determination of the motion to set aside the verdict upon plaintiff's agreeing to a reduction of the amount of the verdict (see, generally, 9 N. Y. Damages Law, §§ 302–303). Munder, Acting P. J., Martuscello, Latham, Shapiro, and Gulotta, JJ., concur.

■ JEANETTE ROSENBERG, Respondent, v. JACK ROSENBERG, Appellant.— Appeal by defendant from a judgment of the Supreme Court, Kings County, dated November 19, 1970, which, after a nonjury trial, *inter alia* granted plaintiff a separation on the ground of cruel and inhuman treatment and awarded plaintiff alimony and counsel fees, except that defendant does not appeal from the provision therein which granted the separation. Case remanded to Special Term for determination of defendant's two counterclaims; and appeal held in abeyance in the interim. In our opinion, resolution of the appeal, involving, as it does, review of a number of matrimonial awards made in plaintiff's favor, should await resolution of defendant's counterclaims, which, apparently through inadvertence, Special Term failed to resolve. Munder, Acting P. J., Gulotta, Christ, Brennan and Benjamin, JJ., concur.