■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT SANTUCCI, Appellant.—Appeal by defendant (1) from a judgment of the Supreme Court, Queens County, rendered October 1, 1973, convicting him of robbery in the first degree and possession of a weapon as a misdemeanor, upon a jury verdict, and imposing sentence and (2) from an order (by permission) of the same court, dated June 11, 1974, denying his motion to vacate the judgment. Judgment modified as to the robbery conviction, on the law and the facts, by changing the conviction to one of robbery in the second degree; as so modified, judgment as to the convictions affirmed; judgment reversed as to the robbery sentence, on the law; case remanded to the trial court for resentencing on the robbery conviction; and judgment as to the sentence otherwise affirmed. Order affirmed. We find no proof in the record to support the verdict of guilty on the first count of the indictment charging defendant with having committed robbery in the first degree by forcibly taking a sum of money while displaying what appeared to be a pistol, revolver or other firearm (Penal Law, § 160.15, subd 4). Subdivision 4 of section 160.15 of the Penal Law specifically provides that "it is an affirmative defense that such pistol, revolver * * * or other firearm was not a loaded weapon from which a shot, readily capable of producing death or other serious physical injury, could be discharged." It was established at the trial that the gun used by defendant was not loaded. This being the case, the court should not have submitted to the jury the first count as one for robbery in the first degree. Nevertheless, there was sufficient proof, as a matter of law, to sustain a verdict of guilty of robbery in the second degree (Penal Law, § 160.10). We modify the conviction accordingly and remand the case to the trial court for resentencing on the robbery count (CPL 470.15, subd 2, par [a], CPL 470.20, subd 4; *People v Klosis,* 48 AD2d 705). Rabin, Acting P.J., Martuscello, Cohalan, Brennan and Shapiro, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LAWRENCE WRIGHT, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Queens County, rendered March 20, 1974 upon resentence, upon a conviction in 1972 of criminal possession of a dangerous drug in the third degree, upon a jury verdict. The resentence was imposed pursuant to an order of this court, dated February 11, 1974, which reversed the original sentence, as a matter of discretion in the interest of justice, otherwise affirmed the original judgment, and remanded the case to the Criminal Term for resentencing *(People v Wright,* 43 AD2d 964). Judgment of March 20, 1974 affirmed. Alleged errors committed at the hearing to suppress and at the trial in 1972 are not available on the appeal from the judgment of resentence, whether such alleged errors were raised as issues on the appeal from the original judgment or not (cf. *People v Chirco,* 19 AD2d 729). The order of this court upon the original appeal affirmed all aspects of the judgment but the sentence. Under the circumstances, only the legality of the resentence is available on the appeal from the judgment of resentence, and the legality of the resentence is not questioned by defendant. Rabin, Acting P. J., Martuscello, Cohalan, Brennan and Shapiro, JJ., concur.

■ CHARLES REICHENBACH et al., Respondents, v WINDWARD AT SOUTH-AMPTON, Appellant.—Interlocutory judgment of the Supreme Court, Suffolk County, dated February 13, 1975, affirmed, with costs, upon the opinion of Mr. Justice Lazer. Rabin, Acting P. J., Martuscello, Christ, Munder and Shapiro, JJ., concur. [80 Misc 2d 1031.]