■ ALBERT FISHMAN, Respondent, v DORIS FISHMAN, Appellant.—In a matrimonial action, defendant appeals from (1) a judgment of the Supreme Court, Kings County, dated March 31, 1975, which, inter alia, granted plaintiff a divorce upon defendant's default in appearing at trial, and (2) an order of the same court, dated June 27, 1975, which denied her motion inter alia to vacate the judgment. Appeal from the judgment dismissed, without costs. A judgment resulting from an inquest occasioned by the failure of the defendant to appear at trial is a default judgment, from which no appeal lies (Intrabartolo v Intrabartolo, 38 AD2d 711; Pearlson v Javits, 19 AD2d 729). Order affirmed, without costs. We agree with Special Term that defendant's "default in appearing is inexcusable." Hopkins, Acting P. J., Cohalan, Christ, Brennan and Munder, JJ., concur.

■ WILLIAM GOOD et al., Respondents, v CHARLES V. MANTAIBANO et al., Appellants.—In a negligence action to recover damages for personal injuries, etc., defendants appeal from a judgment of the Supreme Court, Rockland County, entered January 29, 1975, in favor of plaintiffs, upon a jury verdict. Judgment affirmed, without costs. There was sufficient evidence to support the findings of the jury as to the amount of damages suffered by plaintiffs. The credible evidence establishes that the injury to plaintiff William Good's arm was severe and is permanent in nature. As to the award of $20,000 to the plaintiff wife for loss of services, the record on this appeal establishes that she will have to assume greater responsibility for the normal household duties heretofore performed by her husband. To warrant interference with a jury's assessment of damages, the excessiveness or inadequacy of the award must be such as to shock the conscience of the court (see Reich v Mater Serv. Co., 39 AD2d 737). Upon the facts before us this test has not been satisfied. Rabin, Acting P. J., Martuscello, Latham, Margett and Munder, JJ., concur.