◼    NANCY HOFBAUER, an Infant, by CLEM HOFBAUER, Her Parent, et al., Respondents, v ELROY L. WITHEY, Appellant. (Action No. 1.) VERN HILL et al., Respondents, v ELROY L. WITHEY, Appellant. (Action No. 2.)—Appeal from separate judgments of the Supreme Court, entered January 24, 1975 in Chemung County, upon verdicts rendered at a Trial Term in favor of plaintiffs. The instant appeals arise from actions brought by the plaintiffs for injuries sustained in an automobile accident when a vehicle operated by the defendant collided with a vehicle operated by plaintiff Crystal Hill in which the plaintiff Nancy Hofbauer was a passenger. The husband of Crystal Hill and the father of Nancy Hofbauer sued for medical expenses and loss of services. After a trial, jury verdicts were returned in favor of all plaintiffs and on this appeal, defendant alleges that the verdicts were excessive. Plaintiff Crystal Hill was awarded the sum of $10,000. Although her medical bills proven at the trial totaled $617, such special damages are not controlling factors in considering a jury verdict *(Becker v Ginsberg,* 23 AD2d 916). The plaintiff's complaints of continuing pain and the medical testimony in support of and in opposition to her complaints are matters peculiarly for the jury to evaluate. There is ample evidence in this record to support the jury's determination. There is also sufficient evidence in the record to support the jury's determination and award in favor of plaintiff Vern Hill. Although plaintiff Nancy Hofbauer lost no time from her studies and her total medical expenses were $148, the record amply supports the jury's award of the verdict of $5,000. Expert medical testimony supported the contentions of the plaintiff Nancy Hofbauer. It has been held many times by this and other courts that to warrant interference with a jury's assessment of damages, the excessiveness or inadequacy of the award must be such as to shock the conscience of the court (e.g., *Reich v Mater Serv. Co.,* 39 AD2d 737). On this record, we find that the jury's assessment of damages was not so excessive as to shock the conscience of the court and we, therefore, affirm the judgments. Judgments affirmed, with costs. Koreman, P. J., Sweeney, Kane, Main and Larkin, JJ., concur.