■   WHITMAN OWNER CORP., Respondent-Appellant, v 75 HENRY STREET GARAGE, INC., Appellant-Respondent.—In an action to declare the rights of the parties with respect to the tax escalation clause of a lease, the parties cross-appeal from a judgment of the Supreme Court, Kings County, entered June 11, 1976, which, upon an agreed statement of facts, determined that (1) "tax exemptions obtained by plaintiff shall not be deducted from the real estate taxes of the plaintiff in any year subsequent to the base tax year in determining defendant's liability under the tax escalation clause" and (2) "the 1968/69 assessment be the valuation to be applied in computing the tax base for the tax escalation clause". Judgment affirmed, with $50 costs and disbursements to the plaintiff. We hold that the language of the lease refers to the taxes as assessed for the real estate tax year 1968/1969, before the later reduction by reason of the exemptions obtained by plaintiff. That assessment is what the parties contemplated at the time of their agreement. The tax exemptions obtained by plaintiff subsequent to the base tax year should not be considered in calculating defendant's liability. Such exemptions are intended only for the residential portions of plaintiff's development to encourage the building of adequate housing accommodations in the community (see Private Housing Finance Law, § 101; *Park Sq. Garage v New York Univ.,* 27 AD2d 460). Hopkins, Acting P. J., Latham, Damiani and Hawkins, JJ., concur.