■ SEAMAN, McGUIRK & ZECCOLA, Respondents, v FINKELSTEIN, MAURIELLO, KAPLAN and LEVINE, P. C., Appellants, and CONTINENTAL INSURANCE COMPANIES, Respondents. — Appeal from an order of the Supreme Court, Orange County, dated July 18, 1980, which converted a special proceeding into an action for specific performance (CPLR 103), directed payment of certain funds into court and directed certain disclosure. Order affirmed, without costs or disbursements. A speedy trial would serve the interests of all concerned. Mollen, P. J., Hopkins, Mangano and Cohalan, JJ., concur.

■ 75 HENRY STREET GARAGE, INC., Appellant, v WHITMAN OWNER CORP., Respondent. — In an action by a commercial tenant, *inter alia,* to declare the tax escalation clause of a written lease to be unconscionable within the meaning of section 235-c of the Real Property Law, the appeal is from a judgment of the Supreme Court, Kings County, dated April 3, 1980, which, after a nonjury trial, was in favor of the defendant. Judgment affirmed, with costs. The referee properly determined that the instant action was barred by the doctrine of *res judicata* due to the judgment in a prior declaratory judgment action between the parties involving the interpretation of the same tax escalation clause *(Whitman Owner Corp. v 75 Henry St. Garage,* 56 AD2d 867, mot for lv to app den 42 NY2d 810). The enactment of section 235-c of the Real Property Law did not give rise to a new cause of action in favor of the plaintiff herein, but was merely designed to codify the common-law doctrine of unconscionability and make clear the availability of the defense in the landlord-tenant context (see *35 Park Ave. Corp. v Campagna,* 48 NY2d 813). In any event, the clause in question is not unconscionable. As found by the referee, the lease was negotiated by the parties at arm's length, with experienced counsel of their own choice, and the tax escalation clause was knowingly and intelligently arrived at by the parties and their lawyers, without any misrepresentations or withholding of the facts. Mollen, P. J., Hopkins, Mangano and Cohalan, JJ., concur.

■ SHOUKRY SOLIMAN, Respondent, v MIRIAM F. SOLIMAN, Appellant. — Appeal· from a judgment of the Supreme Court, Westchester County, dated April 9, 1980, dismissed, without costs or disbursements. No appeal lies from a default judgment *(Fishman v Fishman,* 50 AD2d 885). Order of the same court, dated June 10, 1980, affirmed, without costs or disbursements. No opinion. Mollen, P. J., Hopkins, Mangano and Cohalan, JJ., concur.

■ TOWN OF POUGHKEEPSIE, Respondent, v HOLDEN CONSTRUCTION CO., INC., et al., Defendants, and REPUBLIC INSURANCE COMPANY, Appellant. — Three orders of the Supreme Court, Dutchess County, dated January 14, 1980, February 14, 1980 and July 1, 1980, respectively, affirmed, with one bill of $50 costs and disbursements. No opinion. The counsel fee directed to be paid in the order dated July 1, 1980, if not already paid, shall be paid within 20 days after service upon appellant of a copy of the order to be made hereon, together with notice of entry thereof. Damiani, J. P., Gibbons, Rabin and Thompson, JJ., concur.

■ 282 BELMONT AVENUE CORP., Respondent, v NEW YORK PROPERTY INSURANCE UNDERWRITING ASSOCIATION, Appellant. — Order of the Supreme Court, Kings County, dated November 26, 1979, affirmed insofar as appealed from, with $50 costs and disbursements (see *Catalogue Serv. of Westchester v Insurance Co. of North Amer.,* 74 AD2d 837; *Pogo Holding Corp. v New York Prop. Ins. Underwriting Assn.,* 73 AD2d 605). Mollen, P. J., Hopkins, Mangano and Cohalan, JJ., concur.