■ In the Matter of ANTHONY J. D'AMICO, Respondent, v LESTER FELTEN, as Building Inspector of the Village of Lyons, et al., Appellants.—Judgment unanimously affirmed, without costs. Memorandum: We cannot agree with Special Term that the Village Zoning Ordinance permitted the granting of the building permit to petitioner. Such an interpretation defeats the very purpose of the residential-1 zoning which is designed to be low density and the most restrictive use district within the village. Further, said interpretation would negate the area requirements of the Zoning Ordinance. We also disagree with Special Term's conclusion that the conversion of this garage into two dwelling units did not violate Zoning Ordinance § 20.45. While the garage is a permitted accessory use in the R-1 district, nevertheless it was a nonconforming use in that it failed to meet the rear- or side-lot regulations within an R-1 district. As the granting of the building permit allowed the conversion of this nonconforming garage into a nonconforming dwelling, it violates Village of Lyons Zoning Ordinance § 20.45 (B) (3d).

We agree, however, with Special Term's holding that based on the compelling equities of this case, respondents are estopped from enforcing the Zoning Ordinance *(Matter of Lefrak Forest Hills Corp. v Galvin,* 40 AD2d 211, *affd* 32 NY2d 796,

*cert denied sub nom. Baum v Lefrak Forest Hills Corp.,* 414 US 1004; *Reichenbach v Windward at Southampton,* 80 Misc 2d 1031, 1040, *affd* 48 AD2d 909, *lv dismissed* 38 NY2d 912).

Further, the Village Board, rather than timely appealing the Building Inspector's determination as required in the ordinance, directed the revocation of the permit, thus circumventing the statutorily mandated procedure. (Appeal from judgment of Supreme Court, Wayne County, Rosenbloom, J.—art 78.) Present—Dillon, P. J., Doerr, Pine, Lawton and Schnepp, JJ.