■ ANASTASIOS MATZOROS, Respondent, v RAYMOND P. KOVAL, Appellant, et al., Defendants.—In a medical malpractice action, the defendant Raymond P. Koval appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Queens County (LeVine, J.), dated June 2, 1988, as, upon a jury verdict, is in favor of the plaintiff and against him in the principal amount of $250,000.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

The plaintiff sustained an apparently rare "Smith fracture" to one of his wrists and was first treated by the defendant Dr. Kenneth E. Seslowe, who performed a closed manipulative reduction of the fracture and applied a cast. One week later, Dr. Seslowe's partner, the defendant Dr. Raymond P. Koval, took an X ray which revealed that the bones of the plaintiff's wrist were not properly aligned, apparently because of slippage which, the jury implicitly determined, did not result from any negligence on the part of Dr. Seslowe. Dr. Koval

attempted to improve the position of the bones by performing a second closed reduction of the fracture. The plaintiff now suffers from a permanent deformity and permanent limitation of the use of his wrist and arm.

Among the issues to be determined at trial were whether Dr. Koval should have performed an open reduction once it became clear that a closed reduction did not achieve the desired results, and whether Dr. Koval properly informed the plaintiff, who was then 16 years of age, or his mother, of the risk of permanent deformity and loss of use because of repetition of the closed reduction procedure. The jury resolved both of these issues against Dr. Koval.

Although the defendants' expert testified that in his opinion it would have been a deviation from good medical practice to have in this case performed an open reduction, the plaintiff's expert testified that Dr. Koval's failure to undertake that procedure constituted a departure from good and accepted medical practice. The jury was thus confronted with a disagreement between experts, which it resolved in the plaintiff's favor. We conclude that there is ample evidence to support the jury's conclusion that Dr. Koval's failure to perform an open reduction was a departure from good and accepted medical practice rather than a mere error of judgment committed while choosing between two medically acceptable procedures (see, Markey v Eiseman, 114 AD2d 887). Furthermore, there was sufficient evidence upon which a jury could reasonably conclude that Dr. Koval's failure was a proximate cause of plaintiff's injury (see, Sachs v Nassau County, 151 AD2d 558; see also, Leal v Simon, 147 AD2d 198, 205). We note, in any event, that Dr. Koval does not, on appeal, challenge the jury's findings with respect to his failure to obtain the informed consent of the plaintiff and his mother before performing the repeat closed reduction.

His assertion to the contrary notwithstanding, the trial court's refusal to grant a three-day continuance for the convenience of Dr. Koval's examining physician did not constitute an improvident exercise of discretion (see, Matter of Housing Dev. Fund Co. of Carpenters & Joiners v County of Rockland, 134 AD2d 594).

Finally, in light of the plaintiff's youth, the restriction in the use of his arm and the testimony concerning continued pain, the award of $250,000 in damages is not so excessive as to shock the conscience of the court (see, Good v Mantaibano, 50 AD2d 885), the standard in effect at the time the action

was tried (cf., CPLR 5501 [c]). Sullivan, J. P., Harwood, Balletta and Miller, JJ., concur.