*32 OPINION OF THE COURT
Memorandum.
Judgment affirmed without costs.
At the outset of this negligence action for personal injuries the defendants conceded liability. The only issue on appeal is whether the verdict is excessive.
The plaintiff, Vincent Lauria, who was born in 1919, testified that he was involved in an automobile accident on July 29, 1987. He testified that he had been in a prior automobile accident in May 1985 at which time he suffered cervical and lumbar injuries. He was still going to the chiropractor as a result of these injuries. He visited the chiropractor the day before the accident and was wearing a lumbar corset at the chiropractor’s recommendation. As a result of the 1987 accident he suffered cervical and lumbar injuries. He can no longer travel or dance or lift up his stepgrandchildren.
Plaintiff’s chiropractor testified that as a result of the accident, plaintiff’s cervical and lumbar injuries are worse and his prognosis is not too favorable. He was in excruciating pain, had difficulty walking and had spasm in the lower back in LI and L5.
The defendant’s doctor stated in general terms that plaintiff’s condition is a combination of prior accidents, degenerative changes and the trauma from this accident.
The court below denied a posttrial motion for a new trial or to reduce the verdicts as excessive. In upholding the amount of the verdict it determined that it did not shock the conscience of the court. It observed that this standard had apparently not been changed by CPLR 5501 (c).
In our view the judgment should be affirmed. The injuries suffered by the plaintiff in the 1987 accident were both significant and permanent.
It is noted that the standard of review evolved through the common law as to whether a verdict is excessive or inadequate has been that it "shocks the conscience” of the court (see, Hofbauer v Withey, 53 AD2d 926; Quillen v Board of Educ., 203 Misc 320). The Legislature changed the standard in regard to the Appellate Division in 1986 by adding a sentence to CPLR 5501 (c). It states that "the appellate division shall determine that an award is excessive or inadequate if it deviates materially from what would be reasonable compensation.” (CPLR 5501 [c].) This apparently relaxes the "shocks the *33 conscience” standard to facilitate appellate changes in the verdict (see, Siegel, Supp Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C5501:10, 1993 Pocket Part, at 4).
While the Legislature did not change CPLR 5501 (d) which deals with the Appellate Term, this court has already stated that it is employing the ”deviate[s] materially from what would be reasonable compensation” standard (Marulli v Pro Sec. Serv., 151 Mise 2d 1077, 1079). In our view, since the Appellate Division reviews a civil appeal from this court, the same standards should apply. We note that there is no monetary restriction when a matter is transferred from the Supreme Court to the lower court pursuant to CPLR 325 (d). Consequently, in many instances the Appellate Term will be reviewing verdicts which are as high as those reviewed by the Appellate Division.
Aronin, J. P., Joy and Scholnick, JJ., concur.