■ GEORGE GOLOWATY, Appellant, v. MACHNICK CONSTRUCTION Co., INC., Respondent.— HERLIHY, J. Appeal from an order which dismissed the plaintiff's cause of action, as set forth in the complaint, on the ground that " plaintiff is precluded from offering any proof at the trial of such action as to his items of damage and the defendant's negligence ". The controversy concerns a demand for a bill of particulars in a property damage claim based on negligence. The defendant on March 6, 1965, in response to a complaint, served an answer and a demand for bill of particulars. An order of preclusion was signed on July 9, 1965 with a provision that it would become effective unless within 20 days " said plaintiff furnish to the attorneys for the defendant, a verified bill of particulars of his claims as required by the written notice ". On July 29, 1965, within the 20-day period, the plaintiff did serve a bill of particulars which was returned and rejected by the defendant as not being responsive to the demand. In November a motion was made to dismiss the complaint on the ground that plaintiff was precluded from offering such proof

and it is an appeal from this order which is presently before the court. CPLR 3042 sets forth the procedure as to bill of particulars as follows: " (d) Preclusion for defective bill. Where a bill of particulars, or copy of the items of an account, is regarded as defective or insufficient by the party upon whom it is served, the court, upon notice, may make an order of preclusion or directing the service of a further bill. In the absence of special circumstances, a motion for such relief shall be made within ten days after the receipt of the bill claimed to be insufficient." The defendant made no pretense to follow this procedure. The motion overlooked the fact that a bill of particulars had been served and if insufficient, as alleged in the motion to preclude, it should have been instituted within 10 days. The motion here was not framed in accordance with the rule or within the prescribed time. Compliance with the rule is a prerequisite to obtaining an order of preclusion. (See *Holmes* v. *Liquori*, 12 A D 2d 735; *Block* v. *Bronstein*, 16 A D 2d 926; *Le Page* v. *Continental Cas. Co.*, 16 A D 2d 1012.) Order reversed, with costs. Gibson, P. J., Taylor, Aulisi and Staley, Jr., JJ., concur.