In the Matter of the Claim of MARGARITA E. SANCHEZ, Appellant. MARTIN P. CATHERWOOD, as Industrial Commissioner, Respondent.— STALEY, JR., J. Appeal from a decision of the Unemployment Insurance Appeal Board which disqualified claimant-appellant from receiving benefits effective June 26, 1965 for voluntarily leaving her employment to follow her spouse to another locality. Claimant was employed in Port Chester, New York. Claimant's husband moved to California on advice of his physician because of a rheumatic fever condition. Claimant went to California with her husband where he found employment. There was no proof submitted that claimant's presence was required in California in the interest of the health or treatment of her husband. There is substantial evidence in the record to support the board's determination that claimant voluntarily left her employment to follow her spouse to another locality. (*Matter of Ost* [*Catherwood*], 26 A D 2d 979.) Decision affirmed, without costs. Gibson, P. J., Herlihy, Reynolds and Aulisi, JJ., concur with Staley, Jr., J.

In the Matter of the Claim of LOUISE S. RIGGLE, Appellant. MARTIN P. CATHERWOOD, as Industrial Commissioner, Respondent.— MEMORANDUM BY THE COURT. Appeal by claimant from a decision denying unemployment insurance benefits. The board found that the claimant had refused employment to which she was suitably fitted by training and experience and that the wages offered were not substantially less favorable than those received in her previous employment and such act on her part constituted a refusal of employment without good cause. There is substantial evidence to sustain the finding of the board. Decision affirmed, without costs. Gibson, P. J., Herlihy, Reynolds, Aulisi and Staley, Jr., JJ., concur.

In the Matter of the Claim of BARNETT REITMAN, Appellant. MARTIN P. CATHERWOOD, as Industrial Commissioner, Respondent.— REYNOLDS, J. Appeal by the claimant from a decision of the Unemployment Insurance Appeal Board determining that claimant was ineligible for benefits effective May 16, 1966 for lack of total unemployment (Labor Law, § 522). Claimant, a butcher with 35 years experience, was associated with the employer, a meat packaging enterprise from its inception in 1962 until May 10, 1966 when the business "temporarily" suspended operation due to a fire which destroyed the premises on which the business was located. The record reveals that claimant's wife, who worked full time for the Board of Education, was the sole stockholder but was not employed by the business, that rather claimant as president, manager and the sole possessor of authority to draw checks actually ran the enterprise and that claimant, despite efforts to find other employment, intended to return to his position with the corporation as soon as its business premises were rebuilt by the owner. Furthermore, there is evidence that he continued his position and in fact drew checks on behalf of the corporation after the date of the fire. The construction and application given to the term "total unemployment" by the board must be upheld unless it can "be said to lack rational basis or to be arbitrary or capricious" (*Matter of Newman* [*Catherwood*], 24 A D 2d 1042). On the present record such is clearly not the case (*Matter of Vasquenz* [*Catherwood*], 26 A D 2d 859): Decision affirmed, without costs. Gibson, P. J., Herlihy, Aulisi and Staley, Jr., JJ., concur with Reynolds, J.