■ DAVID I. KOEGEL, Appellant, v. EMANUEL BIRNBAUM et al., Respondents.— Order entered on September 14, 1966, denying plaintiff's motion for summary judgment, made pursuant to CPLR 3213, unanimously reversed, on the law, with $50 costs and disbursements to appellant, and motion granted, with $10 costs. This is an action on a note given by defendants in payment for plaintiff's stock in Douglas Restaurant Corp. Plaintiff fully complied with all the terms and conditions contained in the agreement of sale of his interests in Douglas Restaurant Corp., when he deposited his stock in said corporation, duly indorsed in blank, with the escrowee and executed a general release. No other facts constituting a defense are alleged. Concur — Steuer, J. P., Capozzoli, Tilzer and McNally, JJ.

■ ALLSTATE INSURANCE COMPANY, Appellant, v. JOSEPH BUTINDARI, Defendant, and JOSEPH T. BUTINDARI, an Infant, by His Father and Natural Guardian, JOSEPH S. BUTINDARI, et al., Respondents.— Order entered November 5, 1965, unanimously reversed, on the law and the facts, with $30 costs and disbursements to appellant,·and the motion for a further bill of particulars is denied. CPLR 3042 (subd. [d]) provides that in the absence of special circumstances, a motion addressed to a defective bill of particulars, either seeking preclusion or directing the service of a further bill, "shall be made within ten days after the receipt of the bill claimed to be insufficient." It is clear that this motion was brought beyond such 10-day limitation. There being no special circumstances here, the motion should have been denied. We also hold that the delay in making this motion is not excused by the fact that the bill itself was not timely served. Concur — Stevens, J. P., Steuer, Capozzoli and Rabin, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. JEROME NOVICK, Appellant, v. GLORIA NOVICK, Respondent.— Order entered August 26, 1966, resettling judgment, unanimously reversed, on the law, without costs and without disbursements, and motion denied. The purported resettlement effects a major change in the original judgment entered on consent. It was not shown that the change sought was necessitated by an inadvertence or mistake in the terms of the original judgment. Under these circumstances, the attempted change by way of resettlement is impermissible (Ruland v. Tuthill, 187 App. Div. 314). Concur — Stevens, J. P., Steuer, Capozzoli and Rabin, JJ.

■ SCARBURGH COMPANY, INC., Appellant, v. EMPLOYERS' SURPLUS LINES INSURANCE COMPANY et al., Respondents. AMERICAN MANUFACTURERS MUTUAL INSURANCE COMPANY, Defendant and Third-Party Plaintiff, v. AMERICAN EXPRESS COMPANY, Third-Party Defendant. EMPLOYERS' SURPLUS LINES INSURANCE COMPANY, Defendant and Third-Party Plaintiff, v. AMERICAN EXPRESS COMPANY, Third-Party Defendant.— Order entered November 2, 1966 precluding plaintiff with respect to the bill of particulars and granting other relief with respect to the demand, unanimously affirmed, with $75 costs and disbursements to defendants-respondents. (See Baumgarten v. Lear, 27 A D 2d 932.) Concur — Stevens, J. P., Steuer, Capozzoli and Rabin, JJ.