■ SECURITY NATIONAL BANK OF LONG ISLAND, Appellant, v. IRIS GREEN, Respondent.— In an action to recover a balance due on a retail installment contract, plaintiff appeals from an order of the Supreme Court, Nassau County, dated June 12, 1968, which granted defendant's motion for an order of preclusion unless plaintiff serve a further bill of particulars as to items specified in the order. Order reversed, on the law and the facts, with $10 costs and disbursements, and motion denied. Plaintiff's bill of particulars was served more than three months after the demand. Forty-three days thereafter defendant, by notice of motion, moved for an order of preclusion or, in lieu thereof, a further bill as to certain items. Defendant's motion was not made within the prescribed 10-day period after service of the claimed insufficient bill; and there is no showing of "special circumstances" excusing the delay, as required by CPLR 3042 (subd. [d]) (*Allstate Ins. Co.* v. *Butindari,* 27 A D 2d 653; *Reineke* v. *Lesavoy Foundation,* 18 A D 2d 790, and cases cited therein; *Block* v. *Bronstein,* 16 A D 2d 926; *Helfant* v. *Rappoport,* 14 A D 2d 764). The delay on the part of defendant in making her motion is not excused by the fact that the bill was not timely served by plaintiff (*Allstate Ins. Co.* v. *Butindari, supra*). Christ, Acting P. J., Rabin, Hopkins, Munder and Martuscello, JJ., concur.

■ KENNETH SEYBOLD et al., Respondents, v. HERTZ CORPORATION et al., Defendants, and ELITE LINEN SERVICE, INC., Appellant.— Appeal from an order of the Supreme Court, Westchester County, dated September 26, 1967, which granted plaintiffs' motion for an assessment of damages. Order reversed, on the law and the facts, with $50 costs and disbursements to respondents against appellant, and motion denied. Appellant's time to serve its answer is extended until 20 days after entry of the order hereon. In our opinion appellant's opposing affidavits present an arguably meritorious defense to respondents' causes of action and an excuse which shows that appellant's failure to serve an answer was not willful. In these circumstances we deem the granting of plaintiffs' motion for a default judgment an improvident exercise of discretion. Christ, Acting P. J., Brennan, Rabin, Munder and Martuscello, JJ., concur.

## (December 12, 1968)

■ SOIL MECHANICS CORPORATION, Respondent, v. EMPIRE MUTUAL INSURANCE COMPANY, Appellant.— On the court's own motion and the consent of the attorneys for the respective parties, the court's decision dated May 16, 1968 [30 A D 2d 645] is amended, *nunc pro tunc* as of that date, by adding thereto the following: " The following question is certified: Was the order of this court, dated April 22, 1968, properly made? No questions of fact were considered." Order dated May 16, 1968, entered on said decision, amended accordingly. Beldock, P. J., Christ, Rabin, Benjamin and Martuscello, JJ., concur.