■ In the Matter of the Claim of LILLIAN HOFFMAN, Appellant. MARTIN P. CATHERWOOD, as Industrial Commissioner, Respondent.— AULISI, J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed June 17, 1969, disqualifying claimant from unemployment insurance benefits and finding that she received benefits to which she was not entitled that were ruled recoverable. Claimant, a secretary, was last employed in June, 1968. She was referred to a secretarial job by the employment office on January 31, 1969. The job was from 9:00 A.M. to 5:00 P.M. for a five day work week at $125 a week. She claims she called the employer and was told that the job involved stenography and typing only. Claimant refused the employment because she desired diversified duties. Although claimant refused the job in question, she thereafter collected $228 in unemployment benefits. She signed for her checks certifying that she had not refused a job offer and had notified them of all job offers. A refusal by a claimant without good cause to accept an offer for employment for which he is reasonably fitted by training and experience, disqualifies him from benefits (Labor Law, § 593). What constitutes good cause for a claimant for unemployment insurance benefits to refuse a job which he is qualified by training and experience is a factual question and if the board's decision is supported by substantial evidence its decision must be affirmed (*Matter of Spack* [*Corsi*], 305 N. Y. 753; *Matter of Walls* [*Catherwood*], 26 A D 2d 883; Labor Law, § 623). Although full utilization of skills is desirable, the statutory test for disqualification is the refusal of employment for which claimant is reasonably fitted by training and experience (*Matter of Perez* [*Catherwood*], 33 A D 2d 610; *Matter of Linker* [*Catherwood*], 27 A D 2d 884). Similarly, whether benefits are recoverable is also a question of fact for board determination (*Matter of Schatzberg* [*Catherwood*], 32 A D 2d 710; *Matter of Newman* [*Catherwood*], 24 A D 2d 1042). Substantial evidence supports the board's decision. Decision affirmed, without costs. Reynolds, J. P., Aulisi, Greenblott, Cooke and Sweeney, JJ., concur in memorandum by Aulisi, J.