■ ANN R. MALLO, Appellant, v. JOHN PEMBLETON, Respondent.— Order unanimously reversed on the law and facts and in the exercise of discretion, with costs, verdict reinstated, and judgment directed thereon in favor of plaintiff. Memorandum: We think the trial court committed error in directing that the verdict of $7,000 be set aside as excessive unless the plaintiff stipulated to reduce it to $4,000. No issue of liability is presented on this appeal. ¶ Following a motor vehicle accident, plaintiff was hospitalized for four days, was required to be in bed at home for an additional seven days and was prevented from returning to work for some 13 days. The undisputed medical expenses exceeded $600. The attending physician testified that the plaintiff sustained a cerebral concussion, a wound to the forehead resulting in a diminution of sensation in this area, an acute cervical sprain; and the testimony revealed that plaintiff continued to have pain, headaches and a numbness in the forehead up until the time of the trial, some three years following the accident. Her attending physician also

testified that the nerve injury and loss of sensation in the forehead near the wound were permanent in nature. A neurosurgeon also examined her at the hospital, diagnosed her injuries as a cervical sprain, cerebral concussion and found that "her ability to detect touch and pain were not normal in the right forehead and right front part of the scalp near where she had been injured". He further testified that if the nerves in this area were, as he presumed, damaged, there would be no regeneration after three years of numbness. Defendant's medical expert testified that an examination conducted by him some two years following the accident revealed questionable permanency and that in his opinion "she still had residual pain", which possibly resulted from an aggravation of a congenital defect in her neck. ¶ Issues of credibility were for the jury (*Marton* v. *McCasland*, 16 A D 2d 781); and it is settled that a jury verdict for the plaintiff may not be disregarded and set aside unless the evidence so preponderates in favor of the defendant that a verdict for the plaintiff could not be reached upon any fair interpretation of the evidence (*Merced* v. *Harris*, 26 A D 2d 523); nor should a jury verdict be set aside merely because the Trial Judge might have decided differently (4 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 4404.09). As we have had occasion to say, "A verdict for personal injuries should not be reduced or a new trial granted where there is nothing indicating irregularity, bias, unfairness or inadequate consideration of the testimony [citing cases]." (*Rice* v. *Ninacs*, 34 A D 2d 388, 390.) In that case we also restated the long-established principle that "we should not substitute our judgment on the issue of damages for that of the jury unless the amount is so excessive as to shock our consciences" (p. 390); and we cannot here say that the verdict shocks our conscience. (Appeal from order of Niagara Trial Term, setting aside verdict in automobile negligence action.) Present — Marsh, J. P., Gabrielli, Moule, Cardamone and Henry, JJ.