**PACOS CONSTRUCTION CO., INC.,** Respondent-Appellant, v. **STATE OF NEW YORK,** Defendant; **BEAVER PNEUMATIC CORP.,** Appellant-Respondent, and **FIDELITY AND DEPOSIT COMPANY OF MARYLAND,** Defendant.— Order unanimously reversed, without costs and motions granted. Memorandum: Defendant appeals from that portion of an order which denied its motion to serve a supplemental bill of particulars and plaintiff appeals from that portion which denied its application for permission to serve an amended reply to defendant's counterclaim in the event defendant's motion was granted. The bill of particulars, dated July 15, 1970, included, at the end of the particularization of the cost of labor, materials, and equipment alleged in the counterclaim to have been made necessary by plaintiff's default under its contract, the statement: " Defendant BEAVER PNEUMATIC CORP. has further incurred expense for labor and materials for completion of the job by reason of the plaintiff's refusal to return to the job site upon the resumption of work in 1970. *The exact amount of the damages have not been determined as of the date hereof*" (italics supplied). This escape clause included in the bill could not have been interpreted in any way other than as a reservation by defendant of the right to assert other, additional damages over and above those set out in the bill (*Marshall* y. *Zimmerly's Express*, 30 A D 2d 929). If plaintiff was unsatisfied with this provision and felt that it rendered the bill defective or insufficient, its remedy was a motion for an order of preclusion or directing the service of a further bill (*Fizette* v. *Riverview Plaza*, 40 Misc 2d 1; CPLR 3042, subd. [d]), which motion should have been made within 10 days of receipt of the bill (CPLR 3042, subd. [d]). On such a motion the court could have considered the propriety of the reservation and made appropriate provision for the furnishing of additional information at a time stated in the order (see *Rico* v. *Pierleoni*, 33 Misc 2d 955). By its failure to follow the procedure prescribed in CPLR 3042 (subd. [d]) in respect of a bill of particulars it regarded as defective, plaintiff barred itself from obtaining relief which would preclude defendant from offering proof at the trial in accordance with the bill furnished (*Lutza* v. *Bollacker*, 36 A D 2d 789; *Golowaty* v. *Machnick Constr. Co.*, 26 A D 2d 718). By plaintiff's default in challenging the open-ended statement of damages in the bill of particulars defendant is enabled to offer at the trial proof of damages beyond those particularized. The supplemental bill which defendant seeks voluntarily to serve can be helpful to plaintiff by giving it advance notice of what it may expect to meet at the trial, thereby eliminating surprise (*Ehrhardt* v. *Rampant*, 34

A D 2d 591). In these circumstances, defendant should be permitted to serve its proposed supplemental bill and, correspondingly, plaintiff should be allowed to serve an amended reply setting forth the defense of payment. Plaintiff may also have the advantage of further disclosure proceedings with regard to the items of the supplemental bill, for which defendant's counsel has said his client is available if plaintiff so desires. (Appeals from order of Chautauqua Special Term denying motions to serve supplemental bill of particulars and amended reply.) Present — Del Vecchio, J. P., Marsh, Moule, Cardamone and Henry, JJ.