■ In the Matter of the Claim of SAMUEL TOBACK, Appellant. LOUIS L. LEVINE, as Industrial Commissioner, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed June 20, 1975, which modified the decision of a referee and sustained the initial determination of the Industrial Commissioner disqualifying claimant from receiving benefits effective December 15, 1973 because he voluntarily left his employment to follow his spouse to another locality. Claimant last worked as a salesman for a concern owned by his son. His wife's health required her to relocate to a climate where she would be exposed to more sunshine, and claimant moved with her to Florida. There is no evidence in the record that claimant's presence in Florida was needed to attend to his wife's health needs or provide any special care for her. Under such circumstances it is well-settled that claimant's leaving of employment was without good cause (*Matter of Sanchez [Catherwood]*, 27 AD2d 678) and the board's finding on this issue must be affirmed. Claimant argues on appeal that his employment was terminated, but his own testimony compels the conclusion that he quit his job so that he could accompany his wife to a sunny climate. Decision affirmed, without costs. Herlihy, P. J., Greenblott, Sweeney, Larkin and Reynolds, JJ., concur.

■ JANE KURSA, Appellant, v ROBERT BARRATIERE et al., Respondents.— Appeal from an order of the Supreme Court at Special Term, entered October 24, 1974 in Schenectady County, which granted defendants' motion for a further bill of particulars. Plaintiff's failure to furnish a bill of particulars in response to defendants' demands therefor resulted in the entry of an uncontested conditional order of preclusion. A bill of particulars was thereafter supplied which defendants regarded as insufficient and they again moved for relief. Plaintiff now appeals from the ensuing order directing her to serve a further bill of particulars contending that it was improvidently granted inasmuch as defendants had concededly failed to move for such relief within 10 days after receipt of the contested bill or allege any special circumstances why they neglected to act within that period (cf. CPLR 3042, subd [d]). Plaintiff's dilatory actions, though condemnable, cannot be permitted to offset or excuse defendants' own delay in seeking their redress. It is unfortunate that plaintiff's appeal also has the effect of further delaying pretrial proceedings which, but for her own devices, might otherwise have been completed by this time. Nevertheless, we cannot ignore the plain requirements of the statute and must reiterate our prior insistence upon strict compliance with its terms (cf. *Lutza v Bollacker*, 36 AD2d 789; *Golowaty v Macknick Constr. Co.*, 26 AD2d 718). Order reversed, on the law and the facts, and motion denied, without costs. Herlihy, P. J., Kane, Main, Larkin and Reynolds, JJ., concur.