■ In the Matter of the Claim of ROSE WALLACH, Appellant. LOUIS L. LEVINE, as Industrial Commissioner, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed May 22, 1975, which affirmed the decision of a referee sustaining an initial determination of the Industrial Commissioner disqualifying the claimant from receiving benefits because she voluntarily left her employment to follow her spouse to another locality (Labor Law, § 593, subd 1, par [b], cl [2]). The instant record not only contains no evidence that there was any compelling necessity which required claimant's physical presence in the other locality in the interest of health or treatment of her husband (Matter of Sanchez [Catherwood], 27 AD2d 678; Matter of Ost [Catherwood], 26 AD2d 979), but, rather, indicates that her husband was able to care for himself and that she could, therefore, accept immediate full-time work without reservations. Accordingly, the board's decision must be affirmed. Decision affirmed, without costs. Greenblott, J. P., Kane, Main, Larkin and Reynolds, JJ., concur.

■ In the Matter of the Claim of BEATRICE F. WEINMANN, Appellant. LOUIS L. LEVINE, as Industrial Commissioner, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed December 2, 1974, which affirmed the decision of a referee sustaining the initial determination of the Industrial Commissioner disqualifying claimant from receiving benefits effective September 16, 1974 because without good cause she refused a referral to employment for which she was reasonably fitted by training and experience. Claimant was a full-charge bookkeeper with experience primarily in machine bookkeeping when her last employment came to an end under nondisqualifying conditions. On September 16, 1974 she was referred by the employment service to a job as a full-charge manual bookkeeper which she refused. The board has found that claimant's refusal was for a personal and noncompelling reason, and therefore without good cause. This determination is supported by substantial evidence. There was testimony in the record that basic bookkeeping principles would be applicable to manual as well as machine bookkeeping, and claimant testified that she did not really know if her skills were transferable. Under the circumstances, claimant was not justified in refusing the referral, since it would be within the province of the prospective employer to judge whether or not she was qualified. Decision affirmed, without costs. Greenblott, J. P., Kane, Main, Larkin and Reynolds, JJ., concur.