■ In the Matter of the Claim of LESTER L. PORTER, Appellant. LOUIS L. LEVINE, as Industrial Commissioner, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed June 2, 1975, which affirmed the decision of a referee sustaining an initial determination of the Industrial Commissioner disqualifying claimant from receiving benefits effective December 18, 1974 because he voluntarily left his employment without good cause. The credible evidence supports the conclusion that claimant quit his job for personal, noncompelling reasons. His contention that he was needed in Jamestown, New York, to care for his aged mother was properly rejected since he had six sisters living in that city. Although he was working on a call-in basis, he was eligible for partial benefits where he put in less than four days and earned less than his benefit rate per week. He remained in Buffalo, where he was last employed, until the end of December and could have continued working for the same employer. If the employer did not have sufficient work, claimant might have been eligible for partial benefits. Claimant's decision to quit work several weeks before he left Buffalo was for a personal, noncompelling reason. Decision affirmed, without costs. Koreman, P. J., Sweeney, Mahoney, Larkin and Reynolds, JJ., concur.

■ In the Matter of the Claim of ESTHER NACHMAN, Appellant. LOUIS L. LEVINE, as Industrial Commissioner, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed August 29, 1975, which affirmed the decision of a referee sustaining an initial determination of the Industrial Commissioner disqualifying claimant from receiving benefits effective February 1, 1975 because she voluntarily left her employment to follow her spouse to another locality. Claimant left her job in New York where she had been employed for 14 years to relocate in Florida with her husband. Claimant's husband's doctor advised him to go to a warmer climate. The testimony and evidence, however, clearly establish that claimant's personal presence was not needed in Florida to care for her husband. Accordingly, she is disqualified under the statute (Labor Law, § 593, subd 1, par [b], cl [2]; *Matter of Sanchez [Catherwood]*, 27 AD2d 678). Decision affirmed, without costs. Koreman, P. J., Sweeney, Mahoney, Larkin and Reynolds, JJ., concur.