■ In the Matter of the Claim of JOHN D. FINELLI, Appellant. LOUIS L. LEVINE, as Industrial Commissioner, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed May 14, 1975, which affirmed the decision of a referee disqualifying claimant from receiving benefits effective January 25, 1975 on the ground that he lost his employment through misconduct for a suspension period of four weeks. Claimant was suspended by his employer following a fight with a fellow employee in which he broke his nose. Substantial evidence supports the factual finding of the board that claimant was guilty of misconduct which justified suspension of his employment for a period of four weeks. Decision affirmed, without costs. Koreman, P. J., Greenblott, Sweeney, Kane and Reynolds, JJ., concur.

■ In the Matter of the Claim of LUCY ECHEVARRIA, Appellant. LOUIS L. LEVINE, as Industrial Commissioner, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed August 14, 1975, which affirmed the decision of a referee sustaining an initial determination of the Industrial Commissioner disqualifying claimant from receiving benefits because she voluntarily left her employment to follow her spouse to another locality. Claimant last worked as a money counter for a New York bank and resigned that position and moved to Puerto Rico with her ailing husband. Upon applying for benefits in Puerto Rico, claimant contended that she terminated her employment because it was necessary to be with her husband to attend his health needs. While the record demonstrates that her husband had long suffered from bronchial asthma and apparently had been advised to move to a warmer climate, there is no medical evidence that claimant's presence to attend his health needs was necessary. The board found that the claimant's regular attendance at work over the last four months at the New York bank position and her certification after her arrival in Puerto Rico that she was ready, willing and able to work indicated that her presence was not required. Since there is substantial evidence to support the board's determination that the claimant voluntarily left her employment to follow her spouse to another locality, its decision must be affirmed (Matter of Sanchez [Catherwood], 27 AD2d 678). Decision affirmed, without costs. Greenblott, J. P., Mahoney, Main, Larkin and Herlihy, JJ., concur.

■ In the Matter of the Claim of JEANETTE WEISBERG, Appellant. LOUIS L. LEVINE, as Industrial Commissioner, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed August 27, 1975, which affirmed the decision of a referee sustaining an initial determination of the Industrial Commissioner disqualifying claimant from receiving benefits effective June 9, 1975 because she refused employment without good cause. Claimant concededly refused employment for which she was reasonably fitted by training and experience. What constitutes good cause for a claimant for unemployment insurance benefits to refuse a job for which he or she is qualified by training and experience is a factual question and, if the board's decision is supported by substantial evidence, it must be affirmed (Matter of Hoffman [Catherwood], 34 AD2d 871). The claimant's proffered reasons for refusal merely raise factual issues which the board resolved adversely to the claimant. Since substantial evidence supports the board's decision, it should be affirmed. Decision affirmed, without costs. Greenblott, J. P., Kane, Main, Larkin and Herlihy, JJ., concur.