RONALD J. RICHARDS, Respondent, v SOUTH BUFFALO RAILWAY COMPANY, Appellant.

Fourth Department, November 12, 1976

*Hodgson, Russ, Andrews, Woods & Goodyear (Grover R. James, Jr.,* of counsel), for appellant.

*Paul W. Beltz (Gerard J. O'Brien* of counsel), for respondent.

MAHONEY, J. Defendant-appellant, South Buffalo Railway Company, appeals from a judgment for money damages following a jury trial in favor of plaintiff. Defendant also appeals from a decision of the trial court denying defendant's motion for judgment, notwithstanding the verdict, for a new trial and for a reduction in the amount of damages awarded. The jury returned a verdict, in favor of the plaintiff, in the sum of $300,000 and included a specific finding that the defendant had been negligent and that plaintiff's conduct was without negligence.

This action arose out of an injury to the lower back which plaintiff allegedly suffered as the result of a fall on January 10, 1970 while working in the defendant's railroad yards at the Bethlehem Steel plant in Lackawanna, New York, while employed by the South Buffalo Railway Company.

The record reveals that neither the pleadings nor the bill of particulars specified that the action was based on the Federal Employers' Liability Act (FELA). However, the court's charge so stated and both parties seemingly concede this in their briefs on appeal. Therefore, the proper standard of review is that which has been developed in FELA cases and not those applied in the usual common-law negligence actions. The Seventh Circuit in *Heater v Chesapeake & Ohio Ry. Co.* (497 F2d 1243, 1246-1247, cert den 419 US 1013), recently defined the standards which have developed under court interpretations of this act which are controlling: "The test of a jury case, under the FELA, 'is simply whether the proofs justify with reason the conclusion that employer negligence played *any part, even the slightest,* in producing the injury or death for which damages are sought.' *Id.* at 506 (emphasis added). The fact that there may have been a number of causes of the injury is, therefore, irrelevant as long as one cause may be attributable to the railroad's negligence. In passing on the issues of fault and causality, moreover, the jury has a broad power to engage in inferences. 'The very essence of [the jury's] function is to select from among conflicting inferences and conclusions that which it considers most reasonable.' Tennant v. Peoria & Pekin Union Ry. Co., 321 U.S. 29, 35, 64 S. Ct. 409, 412, 88 L. Ed. 520 (1944). The jury's verdict can only be set aside 'when there is a complete absence of probative facts to support the conclusion reached.' Lavender v. Kurn, 327 U.S. 645, 653, 66 S. Ct. 740, 90 L. Ed. 916 (1946). The Supreme Court has repeatedly warned that in FELA cases, 'courts are not free to reweigh the evidence and set aside the jury verdict merely because the jury could have drawn different inferences or conclusions or because judges feel that other results are more reasonable.' Tennant v. Peoria & Pekin Union Ry. Co., *supra* at 35."

The evidence taken as a whole is conclusive that there were sufficient facts adduced from which a jury could have reasonably inferred that the cause of plaintiff's fall was the absence of a grab bar on defendant's freight car and that the fall was the proximate cause of the back injury. There was also credible medical testimony, which apparently the jury believed, relative to the causation of the specified injuries.

While here the basic question involved the absence of an allegedly required safety device and the only direct testimony came from the plaintiff himself, we believe that additional

indirect evidence buttressed his testimony, namely, defendant's destruction of records of repair which might have conclusively shown whether or not a grab bar was replaced on car 7123 sometime after the plaintiff's fall. From this the jury could have reasonably inferred that the railroad company was negligent in its failure to provide a safe working place for its employee. The record is also convincing that there was sufficient evidence for the jury to find that the plaintiff's back injury was caused, at least partially, by the fall on January 10, 1970.

While there were some inconsistencies in the testimony of the plaintiff when compared with the original report of the accident and the examination before trial, it is our belief that there was sufficient evidence by which the jury, by fairly interpreting the testimony and the inferences applicable thereto, was warranted in arriving at its verdict.

The defendant in its demand for a bill of particulars sought the following, "Indicate specifically each respect in which the defendant is claimed to have violated the provisions of the Federal Employers' Liability Act and/or any other federal act which may be applicable to his claim". A perusal of paragraph 2 of the bill of particulars submitted read as follows:

"That upon information and belief the negligence of the defendant was in improper maintenance, repair and upkeep of said railroad cars, track and area surrounding said track, its parts and appurtenances; improperly maintaining said railing; improperly and inadequately inspecting and testing; failing to give plaintiff a reasonably safe place to work.

"That parts were missing from said railroad car with particular reference to grab bars and other devices for the safety and movement on said railroad train and cars, said grab bars and handle and other devices were missing and broken off and was otherwise careless and negligent."

While it is true that the plaintiff did not specifically identify the Federal statutes alleged to have been violated by the defendant, it is also true that the defendant at no time moved for a preclusion or for relief under CPLR 3042 by which defendant could have compelled plaintiff to identify the specific statutes under which the claim was made. Since the demand for the bill of particulars did not specifically request identification of the statutes relied upon but only the "respect" in which the defendant may have violated any Federal statutes, it cannot be said that the verbiage of the bill of

particulars was unresponsive. Appellant's failure to move for an order of preclusion prevents his reliance on an alleged defective bill on this appeal *(Kursa v Barratiere,* 49 AD2d 781; *Pacos Constr. Co. v State of New York,* 41 AD2d 690; *Lutza v Bollacker,* 36 AD2d 789). Since the bill of particulars gave defendant adequate notice that the alleged misconduct charged related to the absence of a grab bar on the railroad car and since the defendant did not move for either preclusion or more specificity in said bill, it cannot claim that it did not have sufficient notice (see *Diemer v Diemer,* 8 NY2d 206; see, also *Van Gaasbeck v Webatuck Cent. School Dist.,* 21 NY2d 239).

Defendant contends that the verdict was grossly excessive as a matter of law and, therefore, should be set aside and a new trial granted or that the amount of the verdict should be drastically reduced. This Department in *Mallo v Pembleton* (38 AD2d 874, 875) clearly stated the principles applicable here when it stated: "Issues of credibility were for the jury [citation omitted]; and it is settled that a jury verdict for the plaintiff may not be disregarded and set aside unless the evidence so preponderates in favor of the defendant that a verdict for the plaintiff could not be reached upon any fair interpretation of the evidence [citation omitted]; nor should a jury verdict be set aside merely because the Trial Judge might have decided differently [citation omitted]. As we have had occasion to say, 'A verdict for personal injuries should not be reduced or a new trial granted where there is nothing indicating irregularity, bias, unfairness or inadequate consideration of the testimony [citing cases].' *(Rice v. Ninacs,* 34 A D 2d 388, 390.) In that case we also restated the long-established principle that 'we should not substitute our judgment on the issue of damages for that of the jury unless the amount is so excessive as to shock our consciences' ".

The United States Court of Appeals in *Batchkowsky v Penn Cent. Co.* (525 F2d 1121, 1124), in discussing an alleged excessive verdict, stated: "Where, as here, the trial judge, denying a motion for a new trial on grounds of excessiveness, has permitted a verdict to stand, we may order a new trial only where the verdict is irrational or so high as to shock the judicial conscience, rendering it an abuse of discretion not to set it aside. That we personally would have awarded a lesser sum or, if we had been the trial judge, have set the verdict aside, is insufficient. *Grunenthal v. Long Island Railroad Co.,*

393 U.S. 156, 159 * * *; *Dagnello v. Long Island Railroad Co.,* 289 F. 2d 797, 806 (1961)." We must consider the above norms in this case in the light of the following circumstances developed in the testimony or reasonably inferable therefrom: (1) a person in plaintiff's position with the defendant would have been earning approximately $14,192 per year at the time of trial; (2) inability of the plaintiff to obtain full-time employment, apparently as a result of the accident; (3) plaintiff has spent practically all of his adult life in railroad work and, therefore, has rather limited skills in any other area of work; (4) stipulation that plaintiff's remaining work life is 27.5 years; (5) doctor and hospital bills of $4,747; lost earnings from February, 1971 to July, 1971 of $3,875; lost earnings from August, 1972 to September, 1975 of $40,083; totaling $48,705 (this amount must be reduced by $2,000 representing earnings by plaintiff for part-time work during 1974); and (6) the jury could reasonably have found from the evidence that plaintiff's annual loss was $11,200.

By accepting the foregoing, plaintiff's gross loss would be $308,000. Reducing this to present value using the 4% discount rate, we arrive at the sum of $184,744. This, when added to his medical expenses and pretrial lost earnings of $46,700, amounts to a total of $231,444. The remainder of approximately $68,000 must then be allocated to past and future pain and suffering. Considering the evidence in a light most favorable to the plaintiff, as we must, we cannot say that the award is so grossly excessive as to shock our conscience (*Rice v Ninacs,* 34 AD2d 388, 390). While it is true as the appellant contends, that his interpretation of the evidence would result in a lesser verdict, this court is bound by the law as enunciated in *Rice v Ninacs (supra).*

In conclusion we advert to appellant's contention that future earnings are required to be reduced to present cash value (*McWeeney v New York, New Haven & Hartford R. R. Co.,* 282 F2d 34, cert den 364 US 870). However, no effort was made by defendant to produce any evidence on this issue, albeit it attempted to take advantage of it in its summation. Elemental considerations of fairness would seem to indicate that a reversal on such grounds is not warranted on the record now before us.

CARDAMONE, J. P., DILLON, GOLDMAN and WITMER, JJ., concur.

Judgment unanimously affirmed, with costs.