# (February 28, 1979)

■  THOMAS VAN LARE, Appellant, v SHARON L. CRANDALL, Respondent. (Appeal No. 1.)—Order affirmed, without costs. All concur, except Callahan, J., who dissents and votes to reverse the order and reinstate the verdict, in the following memorandum.

Callahan, J. (dissenting). I dissent and vote to reverse and reinstate the verdict. The jury rendered a verdict for the plaintiff on liability and awarded damages. The motion to set aside the verdict on liability was denied; no cross appeal has been taken from that action. It follows therefore that no issue is presented as to liability *(Drury v Bone,* 33 AD2d 886). It was

improper for the Trial Judge to substitute his judgment ("based upon the medical proof offered on behalf of the plaintiff") for that of the jury in setting aside a verdict for damages in the amount of $50,000 unless plaintiff agreed to accept $9,000. The extensive record of a six-day trial adequately supports the jury verdict. This department in *Richards v South Buffalo Ry. Co.* (54 AD2d 310, 313) reaffirmed the applicable standards it stated in *Mallo v Pembleton* (38 AD2d 874, 875): "Issues of credibility were for the jury [citation omitted]; and it is settled that a jury verdict for the plaintiff may not be disregarded and set aside unless the evidence so preponderates in favor of the defendant that a verdict for the plaintiff could not be reached upon any fair interpretation of the evidence [citation omitted]; nor should a jury verdict be set aside merely because the Trial Judge might have decided differently [citation omitted]. As we have had occasion to say, 'A verdict for personal injuries should not be reduced or a new trial granted where there is nothing indicating irregularity, bias, unfairness or inadequate consideration of the testimony [citing cases].' *(Rice v. Ninacs,* 34 A D 2d 388, 390.) In that case we also restated the long-established principle that 'we should not substitute our judgment on the issue of damages for that of the jury unless the amount is so *excessive as to shock our consciences*' ". The extent of damages sustained by an injured person and the compensation due therefor is one of the principal issues in a personal injury action. The plaintiff, a 27-year-old married man with two children, was employed at the time of the accident. According to the evidence, he suffered permanent injury which has compelled him to discontinue the occupation of a semitractor trailer driver and has required that he accept other less remunerative employment. He was in good health, free of pain, had steady income, enjoyed life with his family and participated in various recreational pleasures. This is not his status since the date of the accident. The record discloses sufficient proof for the jury to properly find that $50,000 is the fair and reasonable value necessary to adequately compensate the plaintiff for his pain and suffering (now and in the future), his expenses, lost wages, diminution of income and all other elements of damages. The verdict is not so excessive to shock judicial conscience, which is the only basis for a court to invade *(Sojo v Hertz Corp.,* 40 AD2d 959). The evidence taken as a whole is conclusive that there were sufficient facts adduced from which the jury could have reasonably reached its verdict. There was also credible medical testimony which apparently the jury believed relative to the nature, extent and causation of the alleged injuries. The Court of Appeals has recently stated guidelines for the exercise of judicial discretion, in *Cohen v Hallmark Cards* (45 NY2d 493, 499), as follows: "For a court to conclude as a matter of law that a jury verdict is not supported by sufficient evidence, however, requires a harsher and more basic assessment of the jury verdict. It is necessary to first conclude that there is simply no valid line of reasoning and permissible inferences which could possibly lead rational men to the conclusion reached by the jury on the basis of the evidence presented at trial. The criteria to be applied in making this assessment are essentially those required of a Trial Judge asked to direct a verdict. It is a basic principle of our law that 'it cannot be correctly said in any case where the right of trial by jury exists and the evidence presents an actual issue of fact, that the court may properly direct a verdict' *(McDonald v Metropolitan St. Ry.,* 167 NY 66, 69-70; accord *Loewinthan v Le Vine,* 299 NY 372; *Wessel v Krop,* 30 AD2d 764). Similarly, in any case in which it can be said that the evidence is such that it would not be utterly irrational for a jury to reach the result it has determined upon, and thus a valid question of fact does exist, the court may

not conclude that the verdict is as a matter of law not supported by the evidence (see *Middleton v Whitridge* [213 NY 499]).'' There is nothing in the record to suggest that the verdict is unfair or unconscionable or from the credible evidence so excessive as to shock the conscience of the court. On the record, therefore, the Trial Judge acted improvidently in his determination of the motion to set aside the verdict and it should be reinstated *(Petosa v City of New York*, 63 AD2d 1016; *Reich v Mater Serv. Co.*, 39 AD2d 737). (Appeal from order of Erie Supreme Court—set aside verdict.) Present— Cardamone, J. P., Simons, Hancock, Jr., Callahan and Doerr, JJ.