■ GREYSTONE IN WESTCHESTER COOPERATIVE No. 1, INC., et al., Respondents, v ALL BORO PAVING CORP. et al., Appellants. —

In an action to recover damages for breach of contract, defendants appeal from an order of the Supreme Court, Westchester County (Sullivan, J.), entered May 16, 1984, which denied their motion to preclude plaintiffs from offering evidence at trial of certain items of damage for failure to comply with defendants' demand for particulars thereof.

Order reversed, on the law, with costs, and defendants' motion for an order of preclusion granted unless within 30 days after service upon them of a copy of the order to be made hereon, with notice of entry, plaintiffs serve upon defendants a further bill of particulars containing a detailed itemization of their damage claims, separately particularizing the cost of labor and the costs of materials, as relates to each of the sidewalks, driveways, curbs, and steps for which damages are claimed. In the event the condition is complied with, then motion denied.

Pursuant to an order of the Supreme Court, Westchester County (Slifkin, J.), entered February 6, 1984, plaintiffs were given 30 days in which to furnish a further bill of particulars itemizing certain labor and material costs. Plaintiffs failed to provide the required information within the 30-day period and, by notice of motion dated March 23, 1984, defendants once again moved for an order of preclusion. In opposition to that motion, plaintiffs' attorney submitted an affirmation which purported to include the information to which defendants were entitled, and set forth an excuse for the delay. He indicated that defendants' attorney had consented to the delay, stating that it was "[n]o problem". Defendants' attorney submitted a reply affirmation which denied that he consented to the delay, claiming instead that his response was "it was your problem". This reply affirmation was not considered by Special Term on the motion, as it was unsigned. The court found that the requested information had been furnished during the pendency of the motion. Defendants appeal the denial of their motion and we now reverse that order and, in its place, impose a conditional order of preclusion.

At the outset, we reject defendants' assertion that the order entered May 16, 1984 from which they are appealing, was a reversal of the order entered February 6, 1984, made by a judge of coordinate jurisdiction. The earlier order required plaintiffs to particularize their costs of labor and materials. The latter order did not reverse the prior order; it merely found that plaintiffs had complied with the first order in that they furnished the requested information, albeit late.

Neither do we find merit in plaintiffs' argument that defendants are precluded from obtaining relief because they failed to move within 10 days after the receipt of a further bill of particulars claimed to be insufficient (*see,* CPLR 3042 [d]). At the time

that defendants made their motion, they had never received a further bill of particulars. The motion was, therefore, made upon the basis of the failure of plaintiffs to comply with the order entered February 6, 1984, rather than on the basis that the information was insufficient.

The information which was furnished by plaintiffs was attached to the affirmation in opposition to the defendants' second motion to preclude. We reverse because we find that the information supplied by plaintiffs was too minimal to constitute compliance with the first court order. Plaintiffs were to itemize the costs of labor and materials for each of the damaged areas. Rather than providing a detailed itemization, plaintiffs merely indicated a combined labor and material cost for each of four general areas of defect. Pursuant to the order entered February 6, 1984, defendants were entitled to more. Because plaintiffs did eventually make some attempt at compliance, and because courts generally favor conditional over absolute orders of preclusion, plaintiffs will be given one final opportunity to supply the necessary information (*see, Barone v Gangi,* 34 AD2d 889). However, plaintiffs should note that no further extension will be granted. Thompson, J. P., Brown, Niehoff and Lawrence, JJ., concur.