■ TERENCE W. MURPHY, Appellant, v SALLY CAPONE et al., Defendants, and JOHN MCQUAID et al., Respondents.—In an action, *inter alia,* to recover damages for defamation, the plaintiff appeals from (1) an order of the Supreme Court, Westchester County (Benson, J.), dated June 3, 1985, which granted the respondents' motion to preclude the plaintiff from giving evidence at trial regarding items of which particulars were not timely delivered, and (2) an order of the same court (Burchell, J.), dated September 5, 1985, which granted the respondents' motion for summary judgment based upon the order of preclusion.

Order dated June 3, 1985, reversed, and motion denied.

Order dated September 5, 1985, reversed, motion denied, and complaint reinstated.

One bill of costs is awarded to the appellant.

The respondents moved for an order of preclusion on March 20, 1985, alleging that a bill of particulars which they had received on October 23, 1984, was untimely served and deficient in many respects. Pursuant to an order of Justice Walsh of the Supreme Court, Westchester County, dated July 23, 1984, the plaintiff had been required to serve the bill of particulars within 30 days after service of a copy of the order with notice of entry. Such service was made on July 30, 1984. Though the respondents' motion to preclude was not made within the 10-day period provided in CPLR 3042 (d), they argued that the motion should be deemed timely because of "special circumstances". The "special circumstances" alleged were the pendency of other proceedings and motions involving the plaintiff, including a motion to dismiss the complaint made by certain codefendants in this action, none of whom is involved in this appeal. By order dated June 3, 1985, Special Term granted an absolute order of preclusion without addressing the issue of the timeliness of the motion. The respondents were subsequently granted summary judgment based upon the order of preclusion.

The motion for preclusion should have been denied as untimely (see, CPLR 3042 [d]; Security Natl. Bank v Green, 31 AD2d 641). According to the statute, the motion should have been made within 10 days of receipt of the bill on October 23, 1984. It was not made until more than four months had passed. The delay in making the motion is not excused by the fact that the bill was not timely served or otherwise insufficient (see, Security Natl. Bank v Green, supra; Kursa v Barratiere, 49 AD2d 781; Allstate Ins. Co. v Butindari, 27 AD2d 653). The excuses offered by the respondents do not constitute "special circumstances" within the meaning of CPLR 3042 (d) (see, Curtis v Curtis, 178 Misc 213, affd 265 App Div 998), especially since, as the respondents have admitted, the determination of the codefendants' motion to dismiss would have no effect whatsoever on the plaintiff's claims against them. The order of preclusion is reversed. Since the order granting summary judgment was based entirely on the preclusion order, it is reversed as well. Lazer, J. P., Mangano, Gibbons and Bracken, JJ., concur.