◼ NORMA MARTIN, Respondent, v WE'RE ASSOCIATES, INC., Defendant and Third-Party Plaintiff-Respondent, et al., Defendant. NATIONAL WESTMINSTER BANK, Third-Party Defendant-Appellant.—In a negligence action to recover damages for personal injuries, the third-party defendant appeals from an order of the Supreme Court, Suffolk County (McInerney, J.), entered February 13, 1986, which denied its motion for an order of preclusion or, in the alternative, for an order compelling the plaintiff and the third-party plaintiff to provide further bills of particulars.

Ordered that the order is affirmed, with costs to the plaintiff-respondent payable by the third-party defendant-appellant.

Special Term properly denied the appellant's motion for an order of preclusion or for an order directing the service of further bills of particulars in view of the fact that the motion was made after the 10-day period within which a party must move for such relief *(see,* CPLR 3042 [d]). A party who challenges the sufficiency of a bill of particulars served in response to its demand must comply with the statutorily prescribed procedure in order to obtain relief from the allegedly deficient bill *(see, Hess v Wessendorf,* 102 AD2d 926; *Pacos Constr. Co. v State of New York,* 41 AD2d 690; *Lutza v Bollacker,* 36 AD2d 789; *Golowaty v Machnick Constr. Co.,* 26 AD2d 718). In fact, it has recently been held by this court that "[a] motion pursuant to CPLR 3042 (d) is the *exclusive remedy* for a defective bill" *(Anzalone v Preferred Mut. Ins. Co.,* 121 AD2d 491, 492 [emphasis added]).

Although the appellant did voice its objections to the bills of particulars in its request for a preliminary disclosure conference, this procedure cannot be deemed the equivalent of, or a substitute for, a motion pursuant to CPLR 3042 (d) in view of the vastly divergent notice requirements of each procedure. The appellant's contention that the rules respecting preliminary disclosure conferences (then codified in 22 NYCRR former 790.30, now 22 NYCRR 202.12) encompassed resolution of issues concerning the sufficiency of bills of particulars without the need for a formal motion, is devoid of merit in light of the Legislature's enactment of a specific statutory procedure which requires the submission of a formal motion.

Finally, we find that the respondents did not explicitly waive their right to oppose the appellant's motion for an order of preclusion on the ground of untimeliness by consenting to the preliminary disclosure order. This order merely deferred resolution of the dispute concerning the bills of particulars until a formal motion was made pursuant to CPLR 3042 (d). By the time the motion was·submitted, the statutorily designated period had, however, already elapsed.

Accordingly, the order appealed from is hereby affirmed. Thompson, J. P., Bracken, Brown and Eiber, JJ., concur.