■ TERENCE W. MURPHY, Appellant, v SALLY CAPONE et al., Respondents.—In an action, inter alia, to recover damages for defamation, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Westchester County (Palella, J.), dated April 11, 1989, as granted the defendants' motion for a final order of preclusion as to certain enumerated items contained in the bill of particulars.

Ordered that the order is affirmed insofar as appealed from, with costs.

Having received a bill of particulars that they considered to be insufficient, the defendants moved for an order of preclusion or a further bill of particulars (see, CPLR 3042 [d]). The court issued a conditional order of preclusion granting the motion to preclude unless the plaintiff served a responsive bill of particulars within 60 days (see, CPLR 3042 [e]). The plaintiff responded by re-serving the bill of particulars that had already been deemed insufficient. After the passage of 60 days, the defendants moved for and were granted a final order of preclusion as to the items the court had previously determined to be insufficient. This appeal ensued.

The plaintiff's contention that reversal is warranted because

the defendants failed to move for a final order of preclusion within 10 days of receipt of the second bill of particulars *(see,* CPLR 3042 [d]) is without merit. Since no *further* bill of particulars had been received by the defendants when they made their motion, the motion was actually one based upon the plaintiff's failure to comply with the previous order rather than on the ground of insufficiency *(see, Greystone in Westchester Coop. No. 1 v All Boro Paving Corp.,* 108 AD2d 720). Thus, the time limitation contained in CPLR 3042 (d) is inapplicable *(see, Greystone in Westchester Coop. No. 1 v All Boro Paving Coop., supra; cf., Murphy v Capone,* 121 AD2d 702; *Kursa v Barratiere,* 49 AD2d 781). Similarly, the plaintiff's contention that the motion should have been denied because it was not supported by an affidavit of a good faith effort to resolve the issues raised by the motion to preclude is without merit *(see,* 22 NYCRR 202.7 [a]).

We have considered the plaintiff's remaining contentions and find that they are without merit. Bracken, J. P., Brown, Kunzeman and Harwood, JJ., concur.