■■ WILLIAM J. ZETKO et al., Appellants, v MCDONALD'S CORPORATION et al., Respondents.—Order unanimously modified on the law and as modified affirmed without costs, in accordance with the following Memorandum: By the terms of a previous order, plaintiffs were directed to provide defendants, within 20 days, "medical information showing the alleged injuries of the plaintiff, William J. Zetko and the names of the doctors, dates of treatment and treatment provided by each doctor and hospital in accordance with the demand for the Bill of Particulars." In response to the order, plaintiffs' attorney sent to defendants' attorney portions of a hospital record containing progress notes, results of various chemistry tests and doctors' orders. Deeming the response defective and insufficient, defendants' attorney moved for summary judgment contending that plaintiffs failed to comply with the court's order and "failed to provide any evidence of

an injury * * * attributable to defendants". The court granted summary judgment dismissing the complaint in an order reciting that plaintiffs "failed to produce any medical proof that the plaintiff was injured as a result of any negligence of defendants."

The court erred in granting summary judgment. The exclusive remedy for a defective or insufficient bill of particulars is provided by CPLR 3042 (d) by way of a motion for preclusion or to direct the service of a further bill *(see,* Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3042:6; *Lutza v Bollacker,* 36 AD2d 789; *Golowaty v Machnick Constr. Co.,* 26 AD2d 718). At the time the court granted summary judgment, plaintiffs were not precluded from submitting medical evidence because no preclusion order had been granted; thus, it was improper to grant summary judgment unless defendants sustained their burden by submitting evidence in admissible form that plaintiffs' cause of action has no merit (CPLR 3212 [b]). Defendants failed to meet that burden and they may not rely upon plaintiffs' failure to show that their cause of action has merit. "A defendant moving for summary judgment must first present evidence establishing that the plaintiff has no cause of action before the plaintiff is called upon to present evidence raising a question of fact" *(Hayes v Riccardi,* 97 AD2d 954).

Although the court erred in granting summary judgment dismissing the complaint, plaintiffs failed to comply with the court's previous order. Thus, we deem defendants' motion to be one for preclusion and we modify the order to provide that plaintiffs are precluded from giving testimony concerning the matters referred to in the previous order unless they properly comply with that order within 20 days from the date of service of the order entered herein. (Appeal from Order of Supreme Court, Oneida County, Tenney, J.—Summary Judgment.) Present—Denman, J. P., Boomer, Pine, Lawton and Davis, JJ.