OPINION OF THE COURT
Joan B. Lefkowitz, J.
CPLR 3042 (d) requires the party who believes that the responses to a demand for a bill of particulars are insufficient, to move within 10 days after receipt of the bill except that the 10-day period does not apply where "special circumstances” are shown.
*358 At bar, movant received the bill of particulars at the latest on July 15, 1991. On that date counsel for movant wrote a letter to plaintiffs’ attorney regarding the alleged insufficiency of the bill. The letter was also an effort to comply with the Uniform Rules for Trial Courts which require an affirmation that counsel have endeavored in good faith to resolve the problem. (22 NYCRR 202.7 [a].)
Counsel did not resolve the controversy and on August 13, 1991 the defendant Inserra Supermarkets moved for an order of preclusion or to compel additional responses as to certain items in the bill. Plaintiffs contend that the responses served are sufficient and, in any event, the motion is untimely. Movant argues that the 10-day period contained in CPLR 3042 (d) must give way to the good-faith affirmation requirements of the Uniform Rules for Trial Courts because counsel will not be able to resolve these matters within the statutory time frame if they also must move to preclude within 10 days after receipt of the bill.
Movant’s argument appears novel but no basis for deviating from the general rules applicable to timeliness of motions to preclude is warranted. (Siegel, NY Prac §241 [2d ed].) In Martin v We’re Assocs. (127 AD2d 568 [2d Dept 1987]), the Appellate Division rejected an argument that a motion to preclude was not required where the movant had timely objected to the bill at a preliminary conference held pursuant to the Uniform Rules for Trial Courts. There, the court held (at 569): "Special Term properly denied the appellant’s motion for an order of preclusion or for an order directing the service of further bills of particulars in view of the fact that the motion was made after the 10-day period within which a party must move for such relief (see, CPLR 3042 [d]). A party who challenges the sufficiency of a bill of particulars served in response to its demand must comply with the statutorily prescribed procedure in order to obtain relief from the allegedly deficient bill (see, Hess v Wessendorf, 102 AD2d 926; Pacos Constr. Co. v State of New York, 41 AD2d 690; Lutza v Bollacker, 36 AD2d 789; Golowaty v Machnick Constr. Co., 26 AD2d 718). In fact, it has recently been held by this court that '[a] motion pursuant to CPLR 3042 (d) is the exclusive remedy for a defective bill’ (Anzalone v Preferred Mut. Ins. Co., 121 AD2d 491, 492 [emphasis added]).”
Consequently, it is clear that an attempt to comply with the Uniform Rules for Trial Courts is not a basis for toll or extension of the time to move against a defective bill as no *359 special circumstances exist. Other remedies are available to counsel within the 10-day time frame to comply with the Uniform Rules for Trial Courts such as use of the telephone or facsimile machine. Perhaps "special circumstances” may be shown in other situations where, for example, resolution of the controversy on a good-faith conference seemed imminent but was aborted on or after the running of the 10-day period so as to permit the motion to preclude to be heard on the merits (CPLR 3042 [d]). That is not this case. Consequently, counsel who receive allegedly insufficient information as responses to demands for bills of particulars must still ordinarily make their motion for relief within 10 days thereafter or be deemed to have waived their right to request such relief.