■ CARLO P. OLIVERI, Appellant, v JAMES W. CARTER et al., Respondents. [598 NYS2d 85] —In an action, *inter alia,* to recover damages for conversion, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Cannavo, J.), dated March 1, 1991, which denied those branches of his motion which were to (1) preclude the defendants from giving evidence at the trial of the action with respect to certain

particulars contained in a demand therefor pursuant to CPLR 3042, and (2) strike the defendants' answer pursuant to CPLR 3126.

Ordered that the order is modified, as a matter of discretion, by adding a provision thereto that the branch of the plaintiff's motion which was to strike the answer is denied on condition that the defendants comply with a "notice of disclosure" dated July 30, 1986, and that the defendant James W. Carter, in his own behalf and as counsel for the other defendant, personally pays $1,000 to the plaintiff; as so modified, the order is affirmed, with costs to the plaintiff; and it is further,

Ordered that the defendants' time to comply with the notice of disclosure and James W. Carter's time to pay the $1,000 is extended until 30 days after service upon them of a copy of this decision and order, with notice of entry.

We agree with the Supreme Court that an order of preclusion for the defendants' failure to provide the supplemental bill of particulars within 30 days of a consent order was unwarranted, and we thus affirm so much of its order as pertains to the bill of particulars as a proper exercise of discretion. The defendants served a bill of particulars in July 1987. The plaintiff did not move for an order of preclusion based on the alleged inadequacy of the responses until May 1990. Consequently, the plaintiff was not entitled to any relief arising from the allegedly defective bill (see, CPLR 3042 [d]; Martin v We're Assocs., 127 AD2d 568; Murphy v Capone, 121 AD2d 702). Nevertheless, by order dated August 22, 1990, the court directed that further responses be served, and based on that order the defendants voluntarily entered into a consent order dated October 29, 1990, in which they agreed to serve those responses within 30 days. They did not do so. However, because neither the order dated August 22, 1990, nor the consent order dated October 29, 1990, provided for preclusion in the event the additional responses were not served, the plaintiff was not entitled to automatic preclusion based on defendants' default (see, Dugan v Seymour, 121 AD2d 596). We also note that counsel for the defendants (who is also a party) stated that a supplemental bill was prepared by November 16, 1990, within the 30 days, but due to an oversight it was not served until December 1990. In view of all these circumstances, we cannot say that the court improvidently exercised its discretion by directing only that the supplemental bill be verified by the attorney's codefendant, which had not previously been accomplished.

With respect to the notice of disclosure, we decline to make a finding of willfullness on the defendants' part *(cf., Wolfson v Nassau County Med. Ctr.,* 141 AD2d 815). Nevertheless, since the defendants' counsel never moved for a protective order concerning these demands, first made in 1986, but simply waited until the plaintiff was forced to make a series of fruitless motions, sanctions are appropriate. Accordingly, we direct that responses to that notice be served and that defense counsel personally pay the plaintiff $1,000 as a sanction for his noncompliance *(see, Rosner v Blue Channel Corp.,* 131 AD2d 654). Bracken, J. P., O'Brien, Ritter and Copertino, JJ., concur.