■ ANTONINO CARUSO et al., Respondents, v DANIEL BLUMING, Appellant. [664 NYS2d 99] —In an action to recover damages for personal injuries, etc., the defendant appeals from an interlocutory judgment of the Supreme Court, Queens County (O'Donoghue, J.), dated August 27, 1996, which, upon a jury verdict, is in favor of the plaintiffs and against him on the issue of liability.

Ordered that the interlocutory judgment is affirmed, with costs.

The plaintiffs commenced the instant action to recover damages for personal injuries and loss of consortium as a result of an automobile collision allegedly caused by the defendant's negligence. In his answer, the defendant denied liability and asserted, as an affirmative defense, that the injured plaintiff's culpable conduct contributed to the accident. By preliminary conference order dated October 27, 1994, the parties stipulated that a bill of particulars was "to be provided by [the defendant] as to affirmative defenses within 60 days otherwise waived". The defendant did not honor the order.

When, at trial, the defendant attempted to introduce evidence regarding the injured plaintiff's alleged culpable conduct, the court precluded it, refused to charge the jury with respect to comparative negligence, and omitted from the verdict sheet any mention of the injured plaintiff's contributory negligence. The jury found that the defendant was negligent and that his negligence was the proximate cause of the accident.

The Supreme Court properly precluded evidence regarding the injured plaintiff's alleged culpable conduct, since the preliminary conference order specifically provided that the defendant waived his affirmative defenses if he did not serve a bill of particulars concerning them within 60 days after the order (*see, Oliveri v Carter,* 194 AD2d 525), and he failed to do so. Bracken, J. P., Rosenblatt, Copertino and Luciano, JJ., concur.