ped in, and procured an offer acceptable to and accepted by defendant. To charge a purchaser with liability for commissions requires satisfactory proof of a special contract to that effect, for in the usual course of business it is the seller, and not the purchaser, who pays the commission. There is no proof of such a contract, and there is positive proof that plaintiff never brought about the sale. Doubtless, he was active and energetic in his efforts, but he failed. There was nothing in the evidence to justify the judgment. Upon the plaintiff's own testimony, the complaint should have been dismissed.

Judgment reversed, and new trial granted, with costs to appellant to abide the event. All concur.

---

LYONS v. NEW YORK CITY RY. CO.

(Supreme Court, Appellate Term. February 27, 1906.)

1. HUSBAND AND WIFE—ACTIONS—PERSONAL INJURIES—DAMAGES—LOSS OF CONSORTIUM.

The loss of society of the wife is a proper element of damages in an action by the husband for injuries to her caused by the negligence of a third person.

[Ed. Note.—For cases in point, see vol. 15, Cent. Dig. Damages, §§ 225, 226; vol. 26, Cent. Dig. Husband and Wife, §§ 768, 847.]

2. COURTS—MUNICIPAL COURTS—JURISDICTION—STATUTES.

Under Municipal Court Act, Laws 1902, p. 1489, c. 580, § 1, subd. 14, giving the court jurisdiction of an action to recover damages for personal injury or for loss of services, or for expenses occasioned thereby, where the sum claimed does not exceed $500, excepting, among other injuries, loss of society of husband or wife, the "loss of society" mentioned refers only to actions founded on intentional injury to the consortium, and not to an unintentional act, as negligence, which may result in a loss of both services and society, and the Municipal Court can award damages therefor.

Appeal from the Municipal Court, Borough of Manhattan, Eleventh District.

Action by Harry Lyons against the New York City Railway Company. From a judgment in favor of plaintiff, defendant appeals. Reversed.

Argued before SCOTT, P. J., and GIEGERICH and GREENBAUM, JJ.

William E. Weaver, for appellant.
Mervyn Wolff (J. Franklin Tausch, of counsel), for respondent.

SCOTT, P. J. This is a husband's action for damages resulting from an accident to his wife. No question is made as to defendant's liability, the sole ground of appeal being that the damages are excessive. The evidence showed that the plaintiff had paid or incurred liability for the services of a physician to the extent of $49; that, in consequence of the injuries, the wife had, on the advice of her physician, gone to the country for some weeks, and had there expended moneys of the plaintiff for medical services, medicines, and board; that prior to the accident the wife had done all the household work of the family, and had to some extent assisted plaintiff in his business. Naturally, while she was absent she had been unable to fulfill her customary

household duties, but this was no evidence that this had involved plaintiff in any expense. The justice, after admitting evidence of the expense incurred by the wife while away in the country, withdrew those items from the consideration of the jury as elements of damage, apparently because they had not been pleaded or included in plaintiff's bill of particulars. The justice charged the jury that it might not award any damages to plaintiff for the loss of the society of his wife, basing this portion of his charge upon section 1, subd. 14, Municipal Court Act (Laws 1902, p. 1489, c. 580). He further charged the jury that they might assess and award damages for the loss of the wife's services as a housewife, meaning thereby, as he explained, the reasonable value of the services rendered by a wife to a husband in and about the care of the household, the children, and the like; expressly stating that the law did not require the plaintiff to give any evidence whatever in regard to the value of such services, or the general nature of the services rendered to the husband by the wife. In our opinion this charge was erroneous upon both of the points noted above. So far as concerns the services performed by the wife in the household, that, in the husband's action, is a mere question of dollars and cents. By rendering such services she avoids the necessity of hiring some one to perform them. If she is incapacitated from performing them, and, in consequence thereof, some one else is hired for the purpose, the fair cost of such hiring is an accepted item of damage. But where, as in the present case, it does not appear that the husband was put to any expense by reason of his wife's temporary incapacity, no basis has been laid for a recovery upon this ground. To ask the jury to assess damages upon this ground, without evidence of loss, is merely asking them to guess how much the plaintiff would have paid out if he had paid anything. As to the loss of the society of the plaintiff's wife other principles obtain. Such a loss cannot, in the nature of things, be measured in dollars and cents, but must be left to the reasonable discretion of the jury, subject to the power of the court to interfere if inadequate or excessive damages are given. It has long been the rule that in actions of this nature the husband may recover for the loss of society of his wife in addition to, and as distinguished from, loss of services. Jones v. Utica & B. R. R. Co., 40 Hun, 349. Assuming, as we find the law to be, that the loss of society is a proper element of damage in a husband's action for an unintentional injury to his wife, we do not consider that the Municipal Court is forbidden to award such damages by subdivision 14, § 1, Municipal Court Act. That section enumerates the actions of which the Municipal Court has jurisdiction, and subd. 14 specifies:

"An action to recover damages for a personal injury or for loss of services or for medical or other necessary expenses occasioned thereby, or an injury to property, where the sum claimed does not exceed five hundred dollars, excepting however actions to recover damages for an assault, battery, malicious prosecution, false imprisonment, libel, slander, criminal conversation, seduction or loss of society of husband or wife."

We think that the "loss of society" mentioned in this subdivision refers only to actions founded upon an intentional injury to the consortium, and not to an unintentional act, as negligence, which may re-

sult in a' loss both of services and society. This is the view taken by the Appellate Division in the Second Department. McVeigh v. Gentry, 72 App. Div. 598, 76 N. Y. Supp. 535. With their reasoning and conclusion we entirely concur. The case was therefore submitted to the jury upon an entirely erroneous theory. They were permitted to assess damages upon an item requiring evidence to establish it, and as to which there was no evidence, and they were forbidden to allow damages upon another item as to which damages might properly have been allowed. The plaintiff is content with the verdict thus rendered, but in our opinion justice requires that the cause should be retried.

Judgment reversed, and new trial granted, with costs to abide the event. All concur.