■ EUGENE A. SCHUNK et al., Respondents, v GARY E. BROWN et al., Defendants, and ADVANCE SANITATION, INC., Appellant.—Judgment unanimously affirmed, with costs. Memorandum: Defendant, owner of an automobile which collided with one operated by plaintiff, injuring her, appeals from a judgment awarding damages for personal injuries in favor of plaintiff Betty T. Schunk in the sum of $70,000 and in favor of plaintiff Eugene A. Schunk, her husband, on his derivative action in the sum of $32,000. Defendant makes three contentions on this appeal, first, that the trial court erred in permitting the jury to speculate that there was causal relation between plaintiff wife's kidney and ureter conditions for which she was treated at the Deaconess Hospital and the back injury that she suffered in the accident, second, that reversible error was committed by plaintiffs in introducing incompetent evidence concerning the wife's kidney injuries and ureter conditions, the expenses for the treatment of which were not segregated from the expenses for treatment of the back injury caused by the accident, and third, that the verdict in favor of plaintiff husband was excessive. On the trial, plaintiffs were unsuccessful in their efforts to prove a connection between the accident and the wife's kidney and ureter conditions, and as the case went to the jury plaintiffs withdrew all claims with respect to kidney and ureter damage and treatment therefor. The court charged the jury that plaintiffs were entitled to no award in respect thereof. The court's charge was as clear as was possible upon the evidence, and we find that the medical and hospital statements in connection with the other evidence afforded the jury adequate bases for reasonable approximations of what should be attributed to her back injury as opposed to the kidney and ureter injuries and expenses for their treatment (see *Feeney v Long Is. R. R. Co.,* 116 NY 375, 381; *Mandeville v Guernsey,* 51 Barb 99, affd 50 NY 669; *Jones v New York Cent. & Hudson Riv. R. R. Co.,* 99 App Div 1, 2 NY PJI2d 640; cf. *Carter v Village of Nunda,* 55 App Div 501, 506). It may properly be assumed that the jury followed the court's charge and disregarded those portions of the expenses which were attributable to the kidney and ureter conditions *(Mandeville v Guernsey, supra,* p 103). The wife's injuries were of such character and severity that the jury could find that her husband suffered a substantial loss of her services and her society, and the jury were entitled to compensate him therefor (see *Butler v Manhattan Ry. Co.,* 143 NY 417; *Plusch v City of New York,* 278 App Div 571, 572; *Zingrebe v Union Ry. Co.,* 56 App Div 555; *Lyons v New York City Ry. Co.,* 49 Misc 517; 11 NY Damages Law [Fuchsberg], § 1219). The amount of such award is difficult to calculate and, within reasonable limits, it lies in the discretion of the jury *(Reed v McEvoy,* 2 AD2d 738; 11 NY Damages Law [Fuchsberg], § 1220). In the absence of evidence of irregularity, bias or unfairness in the verdict, we may not disturb it *(Mallo v Pembleton,* 38 AD2d 874; *Rice v Ninacs,* 34 AD2d 388, 390). (Appeal from judgment of Erie Supreme Court,—automobile negligence.) Present—Marsh, P. J., Mahoney, Dillon, Goldman and Witmer, JJ.