■ JANICE J. DE ORDIO, Respondent, v IGNATIUS TERESI et al., Appellants. (Action No. 1.) RICHARD E. DE ORDIO, Respondent, v IGNATIUS TERESI et al., Appellants. (Action No. 2.)—Appeals (1) from separate judgments of the Supreme Court in favor of plaintiffs, entered May 20, 1977 in Madison County, upon separate verdicts rendered at a Trial Term, and (2) from separate orders of said court, entered May 23, 1977, which denied defendants' motions to set aside the verdicts. The plaintiffs, Richard and Janice De Ordio, are husband and wife and brought these actions for personal injuries and loss of services respectively. Mr. De Ordio was employed as a tractor-trailer driver when his tractor-trailer was involved in an accident with a tractor-trailer operated by defendant Teresi and owned by defendant Lyons Transportation Lines, Inc. Mr. De Ordio required medical treatment which included, among other things, surgery for the removal of two herniated discs in his back. He was prohibited from future tractor-trailer driving by his doctor and found to have a permanent, partial disability due to the injuries to his back and left leg. Mr. De Ordio entered a vocational rehabilitation program whereby he became employed as a computer operator at a salary which was almost 50% less than what he was earning as a tractor-trailer driver. The jury found for the plaintiffs, awarding Mr. De Ordio $400,000 and Mrs. De Ordio $20,000, and judgments were entered thereon. At trial, Mr. De Ordio presented the expert testimony of an economist who testified that the total value of his lost earning potential was $765,000. There was proper medical foundation for this testimony and it was properly admitted. In reality, the defendants' arguments concerning this expert testimony challenge its weight rather than its admissibility. After Mr. De Ordio's expert was thoroughly cross-examined on his estimate of plaintiff's lost earning potential, it was for the jury to weigh the evidence and their lower verdict indicates that this was done. Since the defendants did not offer any

expert testimony to refute that given by Mr. De Ordio's expert, we do not find the $400,000 verdict excessive in light of the evidence which was before the jury. Defendants' contention that they were prejudiced when Mr. De Ordio was allowed to amend his bill of particulars at trial to show recent medical treatment is without merit in view of the fact that the original bill of particulars alleged permanent injury and defendants' own acknowledgment that continuing treatment was anticipated (see CPLR 3025, subd [b]; *Lukaris v Harrison Vending Systems,* 28 AD2d 1019). With regard to Mrs. De Ordio's action, defendants argue that the trial court committed error when it charged the jury that inconsistent verdicts were impermissible. Since deprivation of marital association may be inferred from the injuries suffered by a spouse *(Murphy v Durmiaki,* 36 AD2d 556), the trial court could properly instruct that a verdict in favor of Mr. De Ordio must be accompanied by a similar result in favor of Mrs. De Ordio. We do not find the $20,000 awarded by the jury to Mrs. De Ordio to be excessive (see *Good v Mantaibano,* 50 AD2d 885). We have examined defendants' other arguments and find them to be without merit. Judgments and orders affirmed, with costs. Mahoney, P. J., Greenblott, Kane, Main and Mikoll, JJ., concur.