■ STUART TAYLOR et al., Appellants, v COUNTY OF SUFFOLK et al., Appellants, et al., Defendants, and MARINE MIDLAND BANK et al., Respondents. — Judgment of the Supreme Court, Suffolk County (Copertino, J.), entered February 9, 1983, affirmed, insofar as appealed from by defendants-appellants. No opinion. Plaintiffs' appeal from the same judgment dismissed as abandoned. Respondents are awarded one bill of costs payable by the defendants-appellants. Weinstein, J. P., Bracken, Brown and Niehoff, JJ., concur.

■ HELEN TORRO, Individually and as Executrix of JOHN TORRO, Deceased, Respondent, v RICHARD ALTMAN, Appellant. (And Another Action.) — In a chiropractic malpractice action to recover damages for personal injuries, etc., defendant appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Nassau County (Velsor, J.), dated July 14, 1982, as awarded plaintiff the sum of $100,000 for the decedent's pain and suffering, and $25,000 for plaintiff's loss of services and consortium. Judgment affirmed, insofar as appealed from, with costs. This action was commenced to recover damages predicated on the negligence of defendant, a licensed chiropractor, in administering chiropractic treatment to plaintiff's decedent. It was alleged that defendant's negligence caused plaintiff's decedent to sustain a fractured right hip necessitating hip replacement surgery. Upon review of the record, we find plaintiff produced sufficient chiropractic and medical expert testimony to establish prima facie that defendant's treatments constituted a deviation from accepted chiropractic standards of care and that the deviation was a proximate cause of plaintiff's decedent's fractured hip (*Taormina v Goodman,* 63 AD2d 1018). Interference with a jury's assessment of damages is warranted only if the award is such as to "shock the conscience" of the court (*Petosa v City of New York,* 63 AD2d 1016, 1017; *Reich v Mater Serv. Co.,* 39 AD2d 737). Nothing in the record indicates that the award in plaintiff's decedent's favor was unfair or unconscionable. Moreover, with respect to plaintiff's derivative cause of action, the severity of the injury sustained by plaintiff's decedent was such that the jury could reasonably infer that plaintiff was deprived of her husband's services and marital companionship and was entitled to compensation therefor (*De Ordio v Teresi,* 65 AD2d 890; *Schunk v Brown,* 55 AD2d 831). Mollen, P. J., Mangano, Thompson and Boyers, JJ., concur.