■ JOHN D. LEAHY, Respondent, v FUNICELLO ELECTRIC, INCORPORATED, et al., Defendants, and GENERAL ELECTRIC COMPANY, Appellant. (Appeal No. 1.)—Order unanimously reversed on the law without costs and motion denied. Memorandum: Special Term erred in granting plaintiffs' motions for summary judgment against General Electric Company. It is a matter for the court in the first instance to determine whether the activity engaged in by John Leahy falls within the ambit and protection of section 240 of the Labor Law (see, Damato v Goldberg, 120 AD2d 966; DaBolt v Bethlehem Steel Corp., 92 AD2d 70, lv dismissed 60 NY2d 554). Such a determination could not be made here because there are insufficient facts in the record regarding the nature of the project being undertaken at the General Electric plant. We cannot say as a matter of law that installation of a conduit, without more, constitutes an alteration of a building or structure so as to make General Electric Company absolutely liable pursuant to Labor Law § 240. Plaintiffs, as the moving parties, were obligated to demonstrate through admissible evidence entitlement to summary judgment as a matter of law (Zuckerman v City of New York, 49 NY2d 557). This was not done. Moreover, since Dana Leahy's derivative cause of action is dependent upon her spouse's employer's claimed violation of Labor Law § 240, summary judgment was improperly granted to her (see, De Ordio v Teresi, 65 AD2d 890, 891).

HEATING CORP., Appellant. (Action No. 1.) DANA LEAHY, Appellant-Respondent, v GENERAL ELECTRIC COMPANY et al., Respondents-Appellants, (Action No. 2.) (Appeal No. 2.)—Order unanimously modified on the law and as modified affirmed without costs, in accordance with the same memorandum as in *Leahy v Funicello Elec.* ([appeal No. 1] 134 AD2d 852 [decided herewith]). (Appeals from order of Supreme Court, Oneida County, Shaheen, J.—summary judgment.) Present—Doerr, J. P., Boomer, Pine, Balio and Davis, JJ.